Mabsuaü,
 
 Ch. J.
 

 after stating the facts of the case, delivered the opinion of the Court as follows:
 

 The first error assigned is that the entry and survey of the Plaintiff in error being prior to the claim made by Ash before the Court of commissioners, gave him a legal right to the land so .entered and surveyed, not to be affected by the subsequent claim of Ash.
 

 The words of the act of assembly are, “ That all “ those who, before the said first day of January,1778, “ had marked out or chosen for themselves any waste “ or unappropriated lands, and built any house' or hut, “or made other.improvements thereon, shall,'also be “entitled, on the like terms, to any quantity of land, to “ include such improvement, not exceeding 1,000 acres, “ and to which ho other person hath any legal right or “ claim/’
 

 The Court is clearly of opinion that the words of the law refer to the time when the. improvement was made, and to the time of the .passage of, the art.; not'to the. time when the claim, founded on that improvement, was made to the Court of cohimissioners. If the land, when improved, was waste arid unappropriated, if, at the passage of the act, no other person had “any-legal right, or claim” to the land so. improved, such right could not be acquired uqtil that of the improver should be lost.
 

 The second error is; that the entry made by Terrell and Hawkins with the surveyor has no reference to the
 
 *24
 
 pre-emption certificate of Ash, and is therefore not a good and valid entry of Ash’s pre-emption right.
 

 Terrell and Hawkins were assignees of Ash; and ought to have been expressed in the entry. Those words are omitted. In consequence of their omission, it does not appear whose improvement is to be included.
 

 Upon this point the Court' has felt a good deal of difficulty. If the entry witli the surveyor could be connected with the certificate of the commissioners, this difficulty would be entirely removed. But the Court is not satisfied that, according to the course of decisions in Kentucky, such reference is allowable.
 

 The Court, however, is rather inclined to sustain the location, because its térms are such as to suggest to any subsequent locator the nature of the omission which had been made.
 

 Terrell and Hawkins enter 1,000 acres of land, “ to include
 
 his
 
 improvement.” It was then a warrant founded on an improvement j and that improvement was made, not
 
 by
 
 them, but by a single person. Of that single person Terrell and Hawkins were, of course, the assignees. The place was described with such certainty as would have been 'sufficient, had the assignment been stated. On coming to the place, Ash’s improvement would have been found. The mistake, therefore, docs not mislead subsequent locators. It does not point to a different place. They are as well informad as they would have been by the insertion of the omitted words. The entry, toó, contains a reference to ihe warrant which the law directed to be lodged with the surveyor, and to remain there until it should be returned with the pl'at and certificate of survey to the land office.
 

 3. It is also objected that some of the- Defendants in error do not show a complete legal title under Terrell and Hawkins, for which reason they have not entitled themselves to a conveyance from .Charles Simms; and that one. of them, John Meiggs, has obtained a decree for 140 acres of land, although in the bill he claimed only 100 acres.
 

 
 *25
 
 Regularly the Claimants who have only an equitable title ought to make those whose, title' they assert, as well as the person from whom they claim a conveyance, parties to the suit. For omitting to do so an original bill might be dismissed. But this is a bill to enjoin a ■ judgment at law rendered for the Defendant in equity against the Plaintiffs. The bill must be brought in the Court of the United States, the judgment having been rendered in that Court. Its limited jurisdiction might possibly create some doubts of the propriety of making citizens of the same state with the Plaintiff, parties Defendants. In such a case, the Court may dispense with parties who would otherwise be required, and decree as between those before the Court, since its decree cannot affect those who are not parties to tiie suit.
 

 It is certainly a.correct principle that the Court cannot decree to any Plaintiff, whatever he may prove, more than he claims in his bill. Nothing further is in issue between the parties. It is not necessary to inquire whether any thing appears in this cause, which can prevent the Plaintiff from availing himself of this principle; because the decree will be opened on another point, in consequence of which this objection will probably be removed.
 

 4. The fourth error is that John Ash having two improvements, it is uncertain which he claimed before the commissioners, and his entry is on this account void; or if not so, then his claim was for the improvement made by himself, and not for that won from M‘Collom.
 

 It is admitted that if the terms of the entry are such as to leave Ash at liberty to select either improvement, it is void; and that if the terms of the entry confine him to either, he must abide by his original election.
 

 Upon considering the testimony on this point, the Court is of opinion that the entry may be construed to refer to one improvement in exclusion of the other; but that the ini proved) cut referred to is the one first made by himself.
 

 Let the several members of this description be examined.
 

 
 *26
 
 John -Ash, senr. claimed 4,O0O acres of land, &c.« on « account of marking :and improving the same in the « year
 
 17.76J”
 

 were both marked and. improved in the. year 4770» the one by. Ash himself,,the other by M‘Collom* The description proceeds, «lying on the waters of the if Town, Fork of Salt'river, about two miles nearly east « frojm Joseph Cox’s land.”
 

 Both improvements are on the. same water course
 
 ■;
 
 but that made by Ash is nearer the distance.and'the course from Joseph Ch/x’s land, mentioned, in the certificate, than that made by M>CoIlom.
 

 If, then, it be not absolutely uncertain to which improvement reference is made in the certificate, this Court is of opinion that the improvement made by Ash . himself is designated.
 

 Is there any testimony in the cause which can control the meaning of the terms of the. certificate when viewed independent of that testimony ?
 

 - There is evidence that the improvement at MfColloin’s spring was generally known in the neighborhood. But there is no reason’ to believe that the improvement originally made by Ash himself was not also known, nor is there any reason to believe 4hat he had abandoned it. On the contrary, lie added to it by planting peach stones after having won that made by M‘Collom.
 

 It is.also in proof that, at the Court of commissioners, in April, 1780, in conversation , with Thomas Polk, whom he then designed to call on to prove his improvement, he said that he intended to settle at M‘GoIlom’s spring.
 

 • Supposing this to amount to a declaration of his intent to.found his claim to a pre-emption on the improvement commenced by M‘C«llom, and completed by himself. that intent not appearing in the certificate and entry, could not control those documents. But the Court is not of opinion that the conversation will warrant this
 
 *27
 
 inference. The whole case shows that Ash retained his claim to both improvements, and designed to include both in his pre-emption. They, are both included in his survey. His declaration, therefore, that he meant tó settle at lYhCollom’s spring, and the subsequent ing of a cabin at that spring, no more proves which improvement was the foundation of his title than if he had declared a design to settle at any other place on the same tract of land, and had carried that intention afterwards into execution by building at such place.
 

 This Court is of opinion that there is error in so much of the decree of the Circuit Court as directs the survey of Ash’s pre-emption to be made .on the improvement commenced by M‘Coll.om, which is at black A in the plat to which the decree refers3 and that'the said pre-emption right ought to be surveyed on the improvement originallv made, by Ash himself, which is at figure 2 in the said p at. The decree,.therefore, must be reversed, and the cause remanded to the Circuit. Court, with directions tq conform their decree to the opinion given by this Court.
 

 The-decree of this Court is as follows:
 

 This cause, came, op to bo beard, on the transcript of the record from the Circuit Court, and was argued by counsel j on consideration whereof ti e Court is of Opinion that there, is error in so. much of the interlocutory and final decrees of the said Court as directs Charles Simms to convey to the Plaintiffs in that Court the land included in his patent and in the survey directed to be made by that Court, of the claim of the said Plaintiffs, •which survey was ordered to be made in a square form, including the improvement at M‘CoHom’s spring which is designated in the plat by the black letter A in the centre5 and that the said decrees ought to be reversed and annulled, and the cause remanded to the Circuit Court wiih directions to cause the said pre-emption right of the said Ash to he surveyed in a square form with the lines to the cardinal points, and including the improvement originally made by the said John Ash, senr. which is’designated in the plat filed in the said cause by figure 2 in the centre 3 and with further di
 
 *28
 
 rections to order the said Charles .Simms to convey, to the Plaintiffs in the Circuit Court respectively the land included in his patent, and lying. Within their several claims as made in their bill, and as sustained by the evidence in the cause. AH which is ordered and decreed- accordingly'.