## SMITH v. WELD.

The erasure of the name of one obligee, and substitution of another, avoids the instrument as to parties not consenting.

IN covenant on a bond, sealed by Weld, Pound and Stiffy, defendant showed that the name of McCready, who was one of the original obligors, who were sureties, was erased, and Stiffy and Pound added, with consent of all parties but John Weld, who was also a surety.    The bond showing this erasure was objected to on this evidence, but received and recovery had.

An exception to the admission of the evidence, and the charge of the court, directing the jury that the action would lie, were the points argued here.

The pleas are not stated on the record.

*Nichols*, for plaintiff in error.—This erasure and alteration, after the delivery of the deed, avoided it, unless all the parties consent.    Matthewson's case, 5 Rep. ; Pigott's case, 11 Rep. ; 6 Watts & Serg. 498 ; 9 Cranch, 28 ; 14 Serg. & Rawle, 405.

*Coulter*, contrà.—The deed, certainly, could be read in evidence, as it was the deed of the parties ; and any matter avoiding it being shown, it was a fit subject of a prayer for instruction by the court, which was not done.

ROGERS, J.—Any alteration or addition in a material or immaterial part of a bond by the obligee, without the consent of the obligors, avoids the whole deed.    And when the alteration is apparent on the face of the instrument, and non est factum is pleaded, before it is proper to admit it in evidence, the consent of all the obligors must be shown ; at least some evidence must be given, from which their assent may be implied.    The plea of non est factum goes to the state and condition

of the bond, when the plea is pleaded, as well as when it was sealed and delivered. It puts in issue the execution of the bond, and its continuance, as the deed of all the parties, to the time of the plea. Barrington et al. *v.* Bank of Washington, 14 Serg. & Rawle, 423. Where the deed is avoided by matters ex post facto, by addition or alteration, as where the name of one obligee is stricken out and others added, it ceases to be their deed, and becomes another instrument, and therefore is not evidence, where non est factum is pleaded. It is not his deed, at the time of the plea. The court may either exclude it altogether, or they may, if they think proper, pronounce upon its effect after it is submitted to the jury. Here the assent of the obligee and of one of the obligors was proved, but no attempt was made to prove that John Weld, the other obligee and surety, assented to the substitution of Pound and Stiffy, in the place of McCullough. Whether the change is for the better or worse, is immaterial; such an alteration cannot be made without his consent. The name of an obligor may be razed from a bond, and a new obligor, by consent of all parties, added, without making the bond void, and such consent may be proved by parol; Speake *v.* The United States, 9 Cranch, 26; and such may be the case, on another trial, here. The obligation is joint and several. The suit is brought as on a joint bond against Weld, Pound, and Stiffy. This makes it necessary to prove the assent of Weld, for the discharge of one of the joint and several obligors is the discharge of all. Whether a remedy may not be had in another form of proceeding, if the plaintiff fails to prove the assent of Weld, it would be premature to say.

Judgment reversed, and a venire de novo awarded.