MARTIN L. COOPER, PLAINTIFF IN ERROR, V. FAYETTE I. FOSS, DEFENDANT IN ERROR.

1. **Judicial Sale:** CONFIRMATION. On proceedings to affirm a sale of mortgaged premises, no objection will be heard founded on an erroneous or imperfect description of the premises in any of the proceedings, unless it be alleged and shown that the party objecting will be prejudiced thereby; nor in cases of personal service or appearance of such party in the action, and such erroneous or imperfect description occurs in proceedings before judgment.

2. ————: PURCHASE SUBJECT TO MORTGAGE. The purchaser of mortgaged premises, who, as the whole or part consideration for such purchase, agrees to pay off the mortgage, may be sued upon default of such payment by the holder of such mortgage; or, if he be made a party to a suit to foreclose such mortgage, a judgment may be rendered against him for a deficiency which may remain after applying the proceeds of a sale of the mortgaged premises to the extinguishment of the mortgage debt.

ERROR to the district court for Saline county. Heard below before MORRIS, J.

*Hastings & McGintie,* for plaintiff in error.

Misdescription. *Parrat v. Neligh,* 7 Neb., 458. Deficiency judgment. 2 Wash. Real Prop., 571. *Marsh v. Pike,* 1 Sand. Ch., 210. *Carpenter v. Koons,* 20 Penn. State, 222.

*Dawes & Foss,* for defendant in error.

Misdescription. *Ohio Life Ins. Co. v. Goodin,* 10 Ohio State, 557. *McCreary v. Pratt,* 9 Neb., 122. Deficiency judgment. · Code, § 849. 2 Washburn, 571. 1 Jones on Mortgages, § 478. *Curtis v. Tyler,* 9 Paige, 435. 4 Wait's Actions and Defenses, 579. *Fenton v. Lord,* 128 Mass., 466.

COBB, CH. J.

It appears from the record in this case, that on the 1st day of January, 1880, one James C. Chowins and Julia Chowins, his wife, made their mortgage deed to the defendant in error to secure the payment of some $2,500 and more, then owing to him by the said James Chowins, to and upon certain real estate described in said mortgage as follows: "All the following described real estate, situated in De Witt precinct, in Saline county, and State of Nebraska, to-wit: The undivided one-half of three acres of land lying in a square form in the south-east quarter of section

15, township 5, of range 4, east of the 6th p. m., more particularly known as the Swan City mill property."

It further appears, that on the 25th day of February, 1882, the defendant in error commenced his action in the district court of Saline county for the foreclosure of the said mortgage; in which action, James C. Chowins, Martin L. Cooper, and Mary L. Cooper were made defendants; the petition alleging that the said Martin L. Cooper and Mary L. Cooper had or claimed to have some interest in and to the said premises by reason of a certain deed of conveyance from the said James Chowins, together with the allegation that the same, whatsoever it might be, was inferior and subject to the lien of the said mortgage, and that in the conveyance from James Chowins and wife to Martin L. Cooper, said Martin L. Cooper assumed the payment of said notes and mortgage.

The said James C. Chowins waived the issuance of the summons in said action, and entered his personal appearance therein in writing; and summons was issued against the said Martin L. Cooper and Mary L. Cooper, and was personally served. No answer or defense was made, and the cause was tried to the court without the intervention of a jury, who found that there was due the plaintiff the sum of $2,891.52, and a general judgment of foreclosure and sale was entered thereon. It also appeared, that on the 20th day of April, 1882, the said Martin L. Cooper and Mary L. Cooper filed in said court their request in writing for a stay of the order of sale in the said cause. Upon the expiration of said stay, to-wit, on the sixth day of January, 1883, an order of sale was duly issued to the sheriff of said county; that said sheriff, on the tenth day of March following, filed his report in said cause showing the appraisement and sale of said premises, and that after applying all of the moneys arising from said sale properly applicable thereto there remained a deficiency of $1,597.90 due to the plaintiff therein.

In said order of sale, as well as the return of the sheriff, the property is described as the undivided one-half of three acres of land lying in a square form in the south-east quarter of the south-west quarter of section 15, in township 5 n., of range 4 e. of the 6th principal meridian, known as the Swan City mill property.

It also appears that on the thirteenth day of March, 1883, the said Martin L. Cooper and Mary L. Cooper filed their exceptions to the report of said sheriff and to the confirmation of the said sale; and that upon the hearing of said exceptions and of the motion of the plaintiff to confirm the said sale, the said court ordered and entered of record that, after careful examination of all the proceedings had and done in said matter, and being satisfied that the sale had been made in all respects in conformity to law and the orders of this court, it was ordered that the proceedings in the same be and the same were thereby approved and confirmed; that the sheriff conveyed to the purchaser, Fayette I. Foss, he being plaintiff in the case, by deed in fee simple, the land and tenements so sold, to-wit: The undivided one-half of three acres of land, lying in a square form, of the south-east quarter of the south-west quarter of section 15, town 5 north, of range 4 e. of the 6th p. m., known as the Swan City mill property, together with all and singular the hereditaments and appurtenances thereto belonging, erroneously described in the pleadings as follows, to-wit: The undivided one-half of three acres of land lying in a square form in the south-east quarter of section 15, town 5, range 4 e. of the 6th p. m., more particularly known as the Swan City mill property.

"And the court coming now to distribute the proceeds of said sale, the sheriff is ordered, out of the proceeds of said sale, to pay to the clerk of this court the costs of this action; and there still remaining due to the plaintiff, the said F. I. Foss, the sum of $1,523.32, it is considered and adjudged that said F. I. Foss have and recover of and from

the said James C. Chowins and Martin L. Cooper the said sum of $1,523.32; and execution is hereby awarded therefor." The said Martin L. Cooper excepted to the said deficiency judgment as to him, and brings the cause to this court by petition in error.

The first and second points made by plaintiff in error in his brief are based upon the misdescription of the premises in the petition and decree, or, as he expresses it, "If a petition be filed describing a piece of real estate, a decree of foreclosure be rendered, on the premises described, an order of sale be issued for another and entirely different tract, and that different tract be sold, can the sale be upheld?" There was no doubt an error in the description in the petition and decree; but I do not consider it a fatal error. In each paper is cited as a more particular description that the premises are known as "The Swan City mill property;" and in each case the correct section, township, and range, as well as the county and precinct, are given. Certainly there can be no difficulty in identifying the property; nor was there any doubt, or uncertainty, as to what property was sold, as the error does not exist in any of the proceedings subsequent to the decree. It is not suggested that any of the parties have been misled by the error in the description, nor could it be. It is to the interest of a party liable for a deficiency, in a case of this kind, to have the proceedings correct, in every respect which can possibly affect the title to be acquired by the purchaser, to the end that the property may bring the best price; and where such party has appeared in such case and is not defaulted, he has the right in every stage of the proceedings to be heard for such purpose; but he can not stand by until the final order of confirmation is about to be made and then upset the whole proceeding by the interposition of an objection as to a mere matter of form. In such case the most that can be allowed to such defendant on the part of the court is, to hear an objection founded upon an actual loss or damage to his

rights.   No such objection is made in this case.   It is not even alleged that the sale which was about being confirmed was not made on a full and adequate bid or for the fair value of the property.   Nor is it alleged that the error, pointed out in the exceptions, was not known to the defendant making them, as well before as after judgment.

The fourth point made by plaintiff in error in his brief is in the following words:   "Taking for granted that the allegation in the petition, that Cooper assumed to Chowins to pay the mortgage debt, yet this was a matter entirely between Chowins and Cooper, with which defendant in error was not a party or privy, and being a stranger to the contract he cannot enforce it," etc.   I understand the great weight of authority to be that, under statutes similar to ours, the holder of a note and mortgage, where a third person has bought the mortgaged premises, and as the whole or a part of the consideration therefor has agreed with the mortgagor to pay the mortgage debt, can sue such third person therefor with or without foreclosure, or upon foreclosure, if there is a deficiency, can take judgment against him therefor.

There being no prejudicial error in the record, the order of the district court is affirmed.   By the court.

ORDER AFFIRMED.