JOHN B. KEEDLE v. SUSAN R. FLACK.

[FILED NOVEMBER 12, 1889.]

Real Estate Mortgage: ASSUMPTION BY VENDEE: ACTION BY MORTGAGEE. Where a land owner sells real estate upon which he has given a mortgage and the purchaser as part of the consideration assumes the mortgage debt and agrees to pay the same, the mortgagee, after the debt becomes due, may bring an action against the purchaser and recover the amount due thereon. (*Foss v. Cooper*, 15 Neb., 516; *Shamp v. Meyer*, 20 Id., 223.)

ERROR to the district court for Hamilton county. Tried below before NORVAL, J.

*Bowen & Hoeppner*, for plaintiff in error:

A mortgagee cannot, by an *action at law*, enforce the promise of a third party who assumes the mortgage debt; such promise is primarily for the benefit of the original debtor, and he alone has the right of action. (*National Bank v. Grand Lodge*, 98 U. S., 123; 1 Jones, Mortgages, sec. 761 (*b*); *Booth v. Ins. Co.*, 43 Mich., 299; *Hicks v. McGarry*, 38 Id., 667; *Higman v. Stewart*, Id., 513; *Unger v. Smith*, 44 Id., 22; *Stuart v. Worden*, 42 Id., 154; *Mellen v. Whipple*, 1 Gray [Mass.], 317; *Locke v. Homer*, 131

Mass., 93; *Pettee v. Peppard*, 120 Id., 522; *Bank v. Rice*, 107 Id., 37; *Prentice v. Brimhall*, 123 Id., 291; *Crowell v. Hospital*, 27 N. J. Eq., 650; *Klapworth v. Dressler*, 13 Id., 62.) It cannot be urged that there was a novation, as the original promisors were joined in the action below. Defendant in error's recourse is to a foreclosure in equity, in which case plaintiff in error might be a *proper*, though he would not be a *necessary*, party.

*Agee & Stevenson*, for defendant in error:

A third party, for whose benefit a promise has been made, can maintain an action thereon, though the consideration does not move directly from him. (*Shamp v. Meyer*, 20 Neb., 223; *Bond v. Dolby*, 17 Id., 491; *Morgan v. Mining Co.*, 37 Cal., 534; *Helmes v. Kearns*, 40 Ind., 124; *Johnson v. Knapp*, 36 Ia., 616; *Anthony v. Herman*, 14 Kas., 494; *McDowell v. Laer*, 35 Wis., 171; *Saunders v. Classen*, 13 Minn., 379; *Bay v. Williams*, 1 N. E. Rep., 340.) In *Follansbe v. Menage*, 9 N. W. Rep., 882, and *Thompson v. Thompson*, 4 O. St., 333, it is expressly held that the mortgagee may maintain an action *at law*.

Maxwell, J.

This action was brought by defendant in error against James M. Miller, Emma Miller, John B. Keedle, John W. Harris, A. R. Hoagland, and A. Veith, upon a promissory note executed and delivered on the 12th day of March, 1888, by James M. Miller and Emma Miller, to A. W. Agee and Wm. J. Stevenson, for the sum of $648, due eight months after date, with interest at the rate of ten per cent per annum from date until paid.

At the time of the execution and delivery of said note, defendants Miller and Miller, to secure the payment of said note, executed and delivered to Agee & Stevenson a mortgage upon certain real estate in the city of Brownville, Ne-

maha county, Nebraska.    The petition alleges that the note
was subsequently assigned for value to the plaintiff.    The
petition, after setting out the note, states that a mortgage
was given to secure the payment of the same, and the con-
ditions of the mortgage, etc.    It is alleged that " on the
25th day of September, 1888, the said James M. Miller
and Emma Miller, his wife, sold and conveyed the premises
above described to the defendant, John B. Keedle, for the
sum of $4,000, and that as part payment of said consid-
eration the said John B. Keedle assumed and agreed to pay
the note and mortgage hereinbefore described, said agree-
ment being written in the deed of conveyance of said prem-
ises, and is as follows, to-wit :  'And we do hereby covenant
with the said John B. Keedle, and his heirs and assigns,
that we are lawfully seized of said premises except a mort-
gage of $648, and interest thereon from March 12, 1888,
and the grantee assumes and agrees to pay said mortgage
and interest as a part of the consideration.'  Said deed, con-
taining said agreement on the part of the said John B.
Keedle, was duly executed, witnessed, and acknowledged,
and delivered to him and he caused the same to be filed and
recorded in said county of Nemaha.

"Afterwards the said John B. Keedle and his wife, Mary
R. Keedle, sold said premises to the defendant, John W.
Harris, and the said John W. Harris, as a part of the con-
sideration for said premises, assumed and agreed to pay the
note and mortgage hereinbefore described, with interest
thereon, and by direction of the said John W. Harris the
said John B. Keedle, and his wife, Mary R. Keedle, made,
executed, and delivered to the said A. R. Hoagland a deed
of conveyance, which contained the following provision,
to-wit :  'And we do hereby covenant with the said A. R.
Hoagland, and his heirs and assigns, that we are lawfully
seized of said premises; that they are free from incumbrance
except a mortgage of $648 and interest thereon from March
12, 1888, and the grantee assumes and agrees to pay said

mortgage and interest as a part of the consideration herein, which said deed was duly witnessed and acknowledged, and recorded in the deed records of said county of Nemaha; and the plaintiff alleges that said conveyance from said John B. Keedle and Mary R. Keedle to said A. R. Hoagland was made for the use and benefit and in trust for the defendant, John W. Harris, who was, after the making of said conveyance, the real owner of said premises, and who, in fact, assumed and agreed to pay said mortgage and note as a part of the consideration for said deed of conveyance and for the property therein described.

"Plaintiff further alleges that afterward the said John W. Harris sold said premises to the defendant A. Veith, and caused a deed of conveyance of the same to be duly executed and delivered to said A. Veith by the said A. R. Hoagland, which said deed of conveyance was duly witnessed and acknowledged, and in consideration of such deed of conveyance, and as part of the consideration for said premises, the said A. Veith expressly assumed and agreed to pay the note and mortgage hereinbefore described.

"The plaintiff says that said A. Veith has retained said deed of conveyance and claims to be the owner in fee simple of said property, but has never caused his deed of conveyance to be recorded in said Nemaha county."

In *Cooper v. Foss*, 15 Neb., 515, it was held that the purchaser of mortgaged property, who, as a whole or part consideration for such purchase, agrees to pay off the mortgage, may be sued upon default of such payment by a holder of the mortgage, and in case there was a deficiency after applying the mortgaged property to the payment of the debt, he would be liable for such deficiency. That case was decided after a full examination and consideration of all the reported decisions for and against the proposition. The rule thus adopted, in our view, is the correct one. A mortgagor sells the mortgaged premises to a third party

who, as a part or the whole of the consideration, agrees to pay the debt due the mortgagee.    The agreement is to pay the whole debt, not a part thereof.    Where there is no fraud the purchaser has received the entire consideration for the performance of the contract.    He has assumed a liability directly to the mortgagee to pay the indebtedness.    The mortgagee may proceed on such promise directly against him who has assumed the burden.    It does not lie in the mouth of such promisor to say "I did assume the debt sued on and have received the consideration therefor, but I will not perform at the suit of the mortgagee as there is no privity between us."    The right of the mortgagee to recover is not based on the privity of contract between the plaintiff and defendant, but on the fact that a contract has been made between the original debtor and a third party, whereby such third party, for a sufficient consideration, takes the property mortgaged and assumes the burden thereon.    This contract the creditor may avail himself of and bring an action directly against the person thus assuming the debt.    (*Shamp v. Meyer*, 20 Neb., 223; *Miliani v. Tognini*, 7 Pac. Rep., 279; *Lawrence v. Fox*, 20 N. Y., 268; *Farley v. Cleveland*, 4 Cow., 432; S. C., 9 Id., 639; *Merriman v. Moore*, 90 Penn. St., 80; *Putney v. Farnham*, 27 Wis., 187.)

It is probable that different grantors are liable in their order as sureties for the person last assuming the debt, but we need not determine that question.

Where a party purchases mortgaged property and assumes the mortgage debt, it is of the utmost importance to him that payments made on the debt be applied in satisfaction thereof.    Payments might not be so applied if made to the mortgagor instead of the mortgagee.

The plaintiff in error admits that in an action in equity to foreclose the mortgage the right of the plaintiff below to maintain the action would be perfect, but it is contended that a different rule prevails in an action at law.    Cases

arising in states where the common law procedure prevails may be found sustaining this view, but the reasons therefor do not apply under the Code in which the distinctions between actions at law and suits in equity are abolished.

It is evident that the petition states a cause of action and the judgment in favor of the plaintiff below is right and is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.