ROBERT HARE v. E. W. MURPHY.

FILED SEPTEMBER 18, 1895.   No. 6159.

**Mortgages**: SALE OF PREMISES: ASSUMPTION OF DEBT. Where real estate incumbered by a mortgage is sold and conveyed and there is inserted in the deed a clause which states that the grantee assumes and agrees to pay the mortgage debt, and the deed is accepted by the purchaser of the land with knowledge that it contains the clause, or where the purchaser of land agrees, as a part of the consideration for the sale of the property to him, to assume and pay a mortgage indebtednesss existing against the land, he becomes personally liable for the payment of the mortgage debt, and this is true whether his immediate grantor was só liable or not, and the liability thus created may be enforced by the mortgagee or his assigns, as it was for his or their use and benefit that such promise was made.

ERROR from the district court of Lincoln county. Tried below before NEVILLE, J.

*F. S. Howell*, for plaintiff in error.

*Grimes & Wilcox* and *T. C. Patterson, contra*.

HARRISON, J.

The plaintiff, as assignee and owner of two promissory notes, and a mortgage on certain real estate given to secure

their payment, instituted this action against the defendant, to whom the real estate had been sold by the grantee or party purchasing from the mortgagor, to recover the amount due upon the notes and mortgage, basing the suit upon a clause in the conveyance of the lands to defendant, by which it is claimed defendant assumed and agreed on his part to pay the mortgage indebtedness. The petition in the case recites that on December 26, 1889, D. A. Spraul executed and delivered to Maggie Callender two promissory notes, each in the amount of $250, and a mortgage, to secure their payment, on tracts of land therein described and situate in Logan county. The conveyance by the mortgagor, on the succeeding day, to William L. Schuster, and the sale and conveyance of the lands again on the 31st day of December, 1889, by Schuster to the defendant E. W. Murphy, and his agreement, as a part of the consideration or purchase price of the property, to pay the indebtedness shown by the notes and mortgage, and that pursuant to such promise, and evidencing it, there was inserted in the deed of the lands by Schuster to defendant a clause in which it was stated that the real estate was incumbered and that the purchaser assumed and agreed to pay the incumbrance. It also states the purchase of the notes and mortgage by the plaintiff and their transfer and assignment to him and non-payment, etc., and closes with a prayer for judgment. The answer contained a denial of any assumption of or agreement by defendant to pay the mortgage indebtedness; a statement that defendant never received or accepted the conveyance or deed described in plaintiff's petition, and that no deed of the lands had ever been delivered to him; that he never entered into or had possession of the premises described in the petition; that a deed, a copy of which was attached to the petition, was caused to be recorded in Logan county by some person unknown to defendant and without his knowledge or consent; that there was no consideration in the purchase of the lands or the "equity" of the vendor,

Schuster, therein for an assumption or agreement on his part to pay the amount of the incumbrances or mortgages, and further, that his grantor, Schuster, had not assumed the payment of the incumbrances, and no liability existed against such grantor for their payment. The reply of plaintiff was, in the main, a general denial of the allegations of the defendant's answer, and also stated that the deed of the lands executed by Schuster and to defendant, as grantee, was filed for record in the office of the county clerk of Logan county on or about January 2, 1890; that on or about the 7th day of January, 1890, the plaintiff, in the course of some business affairs or settlement between him and another party, was offered the notes and mortgage, the basis of this action, and their purchase by him was solicited; that he made, or caused to be made, an examination of the lands and the titles to the same, and thus discovered of record the conveyance to the defendant and the clause asserting the assumption and agreement of the defendant to pay the notes and mortgages, and also investigated or caused inquiries to be made with reference to the financial standing or circumstances of the defendant and ascertained that he was solvent, and that plaintiff, in the purchase of the notes and mortgage, was influenced by and relied upon the responsibility assumed by and of the defendant for their payment, and had it not been for the clause in the deed to defendant, which in terms bound him to such payment, plaintiff would not have purchased the notes and mortgage, and that such purchase was consummated March 1, 1890; that very soon after the deed in question was recorded, the defendant had knowledge thereof and of its contents and recitals, and possessed such knowledge at the time of its execution, and for more than thirty days prior to the date of plaintiff's purchase of the notes and mortgage, and permitted it to remain of record without any effort to have the same annulled or reformed. There was a trial of the issues to the court and a jury, and at the close of the testimony

the trial judge instructed the jury to return a verdict for defendant, which instruction was complied with by the jury, and after motion for new trial heard and overruled, judgment was rendered, and the plaintiff brings the case here by petition in error.

Counsel for the parties, in the briefs filed, agree in the statement that the trial judge was moved to instruct the jury to return a verdict for the defendant by the following considerations: That the petition did not allege, and the evidence failed to show, that defendant's grantor was in any manner or to any extent connected with the mortgage debt, or liable or bound for the payment of it; that the rule of law applicable and governing in such cases is that a mortgage indebtedness assumption clause in a deed, or an agreement by the purchaser of lands to pay incumbrances existing against their lands, will not become operative, or is of no validity, and cannot be enforced by the mortgagee unless it further appears that the grantor in the conveyance, or the person to whom the promise is made, was personally liable for the payment of the mortgage debt. In adopting this view of the law, we think, the learned judge who presided during the trial in the district court erred. It is undoubtedly supported by decisions, many of which are cited by counsel for defendant in their brief, of courts of last resort, the opinions of which, as authority, rank among the very highest and are entitled to great weight, but we do not think best to follow them. It is an established rule of law that where one makes a promise to another for the benefit of a third person, such third person can maintain an action upon the promise, though the consideration does not move directly from him. (*Shamp v. Meyer*, 20 Neb., 223; *Sample v. Hale*, 34 Neb., 220; *Barnett v. Pratt*, 37 Neb., 349; *Doll v. Crume*, 41 Neb., 655.) In *Keedle v. Flack*, 27 Neb., 836, a case in which the right of a mortgagee to enforce such a promise as the one in the case at bar was in controversy, the rule just quoted was applied

and held to be the basis of the mortgagee's right to recover. Where a party, purchaser of lands, agrees as a part of the contract of purchase to assume and pay a mortgage debt existing against the lands, the promise so to do is for the benefit of the owner and holder of the debt and may be enforced by such party.   The purchase price of the lands is the consideration moving between the purchaser and his grantor, and it is immaterial and of no consequence to the grantee that his grantor may or may not be personally liable or bound for the payment of the mortgage debt, and by such promise the promiser becomes personally liable to the mortgagee, or assigns, for the mortgage debt, regardless of whether his grantor was so liable or not.   (*Merriman v. Moore*, 90 Pa. St., 78; *Dean v. Walker*, 107 Ill., 540; *Bay v. Williams*, 1 N. E. Rep. [Ill.], 340.)

There were some issues of fact in regard to which the evidence was conflicting, and if the view of the law with reference to the liability of a grantee who assumes and agrees to pay a mortgage debt, which we have announced herein as the correct one, had been taken, they should, and doubtless would, have been submitted, under proper instructions, to the jury for their consideration and determination.   It follows that the judgment of the district court will be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.