TECUMSEH NATIONAL BANK V. CHARLES BEST.

FILED FEBRUARY 3, 1897.   No. 7030.

1. Successor to Bank: ASSUMPTION OF LIABILITY: PLEADING. A petition of a creditor of a banking association which discloses that another bank, as successor of said association, had assumed the liabilities upon a sufficient consideration moving from said association, and that the claim of plaintiff was one of said liabilities remaining unpaid, states sufficient facts to entitle to relief as against the bank which assumed the aforesaid liabilities.

2. Bill of Exceptions: REVIEW. A bill of exceptions must contain all the evidence upon which questions of fact are to be determined, a reference in such bill to evidence to be found by reference to another bill, filed in an independent case, not being sufficient.

ERROR from the district court of Johnson county. Tried below before BABCOCK, J.   Affirmed.

John H. Ames, C. Gillespie, and S. P. Davidson, for plaintiff in error.

T. Appelget, J. Hall Hitchcock, and L. C. Chapman, contra.

RYAN, C.

In this case there was a judgment against the Tecumseh National Bank as prayed by the plaintiff in the district court of Johnson county. The bank seeks a reversal of this judgment on two grounds, of which the first is that the petition failed to state a cause of action. The second is that the finding against the bank was not sustained by the evidence.

The averments of the petition, in substance, are that about May 1, 1889, James D. Russell, Charles A. Holmes, Warren Holmes, and James Bennett, as an association under the name of Russell & Holmes, were doing a general banking business in the city of Tecumseh under and by virtue of the laws of this state; that of this association James D. Russell was president, Charles A. Holmes was vice president, Warren Holmes was cashier, and James Bennett was assistant cashier; that on or about August 14, 1890, the said association resolved to become a national banking association under the name of the Tecumseh National Bank, and pursuant to said resolution made the organization certificate required by the comptroller of the currency of the United States; that said national banking association duly filed its articles and certificate of incorporation, and, as a body corporate, proceeded to do a banking business in the building in which the banking business of Russell & Holmes had previously been transacted; that of this national bank Charles A. Holmes was president, Warren Holmes was cashier, and James Bennett was assistant cashier, and that the Tecumseh National Bank is a thing continuous of the banking association of Russell & Holmes, the name alone being changed. In this connection the petition contained the following language: "This plaintiff further avers the fact that the real property, consisting of a banking building (which was the bank of Russell & Holmes, and where they had for many years transacted business), furniture, cash, bills receivable, and the assumption and the agreeing to pay debts owing and obligations to become due of the said banking firm of Russell & Holmes, when the Tecumseh National Bank was formed as aforesaid, was vested in and became the property, rights, and liabilities of the said Tecumseh National Bank." Immediately following the above description of the officers of the Tecumseh National Bank in the petition there were the following allegations: "That each of the persons last above named became the owner of a large amount of

shares or certificates of stock of the said Tecumseh National Bank at the time it was organized, and that the said certificates or shares of stock were given to said persons for the real property, cash, bills receivable, good will, rights, and choses in action, and the assumption of and agreeing to perform all debts, contracts, and obligations outstanding which was to be done or performed by the banking association of Russell & Holmes." In the language quoted there are allegations of assumption by the Tecumseh National Bank of the liabilities and obligations of its predecessor, founded upon an adequate consideration, sufficiently described. By the further averments of the petition that the claim sued upon was one of the liabilities assumed by the Tecumseh National Bank, and within the rule laid down in *Shamp v. Meyer*, 20 Neb., 223, an action is maintainable by the beneficiary against the bank. This rule has received the approval of this court in numerous cases considered subsequently to that above cited. (*Keedle v. Flack*, 27 Neb., 836; *Fonner v. Smith*, 31 Neb., 107; *Kaufman v. United States Nat. Bank*, 31 Neb., 661; *Hale v. Ripp*, 32 Neb., 259; *Sample v. Hale*, 34 Neb., 220; *Barnett v. Pratt*, 37 Neb., 349; *Doll v. Crume*, 41 Neb., 655; *Chicago, B. & Q. R. Co. v. Bell*, 44 Neb., 44; *Hare v. Murphy*, 45 Neb., 809.) The petition must be held, therefore, to have stated a cause of action in favor of the plaintiff therein named.

Whether or not there was sufficient evidence to sustain the averments of the petition, denied, as they were, by the answer, we cannot determine, for the bill of exceptions in this case does not purport to contain all the evidence on which the case was tried. For a part of this evidence we are therein referred to the bill of exceptions in the case of Saunders v. Tecumseh National Bank. We cannot look into another case than this for the purpose of ascertaining what evidence should be considered in the case before us. (*Lowe v. Riley*, 41 Neb., 812; *State Ins. Co. v. Buckstaff*, 47 Neb., 1. The judgment of the district court in this case is

AFFIRMED.