FRANCIS N. GIBSON, APPELLANT, V. WILLIAM S. HAMBLETON ET AL., IMPLEADED WITH SIMEON RECTOR, APPELLEE.

FILED NOVEMBER 18, 1897.   No. 7413.

1. **Liability of Purchaser Who Assumes Mortgage.** A purchaser of real estate who covenants to pay and satisfy a mortgage upon the property conveyed, is personally liable to the mortgagee, in an action of foreclosure, for any deficiency remaining after the proceeds of the mortgaged property shall have been exhausted.

2. ———: RESCISSION. After notice of such covenant and assent thereto by the mortgagee his right of action thereon cannot be divested by a voluntary rescission thereof by the contracting parties,

APPEAL from the district court of Cass county. Heard below before CHAPMAN, J. *Reversed.*

*Wooley & Gibson,* for appellant.

*Byron Clark,* and *C. A. Rawls, contra.*

POST, C. J.

This was an action in the district court for Cass county to foreclose a certain mortgage executed by William S. Hambleton and wife to Jonathan Chase, and by the latter assigned to the plaintiff, Francis N. Gibson. In addition to the decree of foreclosure sought there was a prayer for a deficiency judgment against the appellee, Simeon Rector, a subsequent purchaser of the mortgaged premises, who had, as alleged, for a sufficient consideration assumed and expressly agreed to pay and satisfy the plaintiff's mortgage. The only issue presented by the pleadings related to the personal liability of Rector as to which there was a finding and judgment for the defendant, and from which the plaintiff has prosecuted an appeal to this court. The answer of Rector, so far as material to the issue stated, is as follows: "Comes now the said Simeon Rector and for his separate answer to the petition filed in this cause, says: . * * * He· denies that William S. Hambleton and Clara Hambleton ever made a conveyance to this answering defendant of said premises by warranty deed, and alleges that the title to said premises never vested in him by any pretended conveyance so made by them. * * He alleges the fact to be that any contract that was ever made between this answering defendant and William S. Hambleton and Clara Hambleton concerning the premises in question, was duly rescinded upon a valuable consideration and the right in law and equity of Francis N. Gibson, plaintiff, in the premises ·remain unaffected by any act of this answering defendant. He denies each and every allegation in said petition contained except such.

Gibson v. Hambleton.

as hereby specifically admitted." The reply was a general denial.

That Rector purchased the mortgaged property from Hambleton and took from his said grantor a warranty deed, in which was recited his agreement to pay and satisfy the said mortgage is a proposition not controverted in this court. It appears, however, that he, Rector, subsequently sold said premises to one Mutz, to whom, at his request, Hambleton and wife executed a deed upon the surrender of the conveyance first above described, said instrument not having been filed for record. It was further claimed by Rector that he did not agree with Hambleton to assume the mortgage, and that he was not aware of the condition to that effect in his deed until about the time of the conveyance to Mutz, six months later, at which time he surrendered his said deed to Hambleton, who, for the consideration of one dollar, conveyed the mortgaged premises direct to Mutz. There is no charge of fraud or mistake in the purchase of the property or in the execution of the deed by Hambleton, and the alleged rescission was at most the voluntary act of the parties thereto. The covenant here relied upon was made for the benefit of, and with the knowledge and express approval of Chase, the mortgagee, whose right of action immediately vested, and will not be defeated by a subsequent voluntary agreement of the parties to the conveyance. (*Bassett v. Hughes*, 43 Wis., 319; *Hare v. Murphy*, 45 Neb., 809; 1 Jones, Mortgages, 763, *et seq.*)

The judgment of the district court is reversed and the cause remanded for further proceedings therein not inconsistent with this opinion.

REVERSED.