WILLIAM S. MARTIN, APPELLEE, v. INEZ C. HUMPHREY ET AL., IMPLEADED WITH CATHERINE D. BECKER, APPELLANT.

FILED APRIL 6, 1899.   No. 8772.

1. **Contracts: AGENCY: RATIFICATION.** One will not be permitted to adopt that part of a contract, made by his agent without any antecedent authority, which is beneficial to him and repudiate the remainder. He must either adopt the whole or none.

2. **Deeds: ASSUMPTION OF MORTGAGE.** Where a deed stipulates that the grantee assumes and agrees to pay a mortgage against the premises, the grantee is personally liable to the mortgagee for the amount of such mortgage debt.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*C. C. Flansburg,* for appellant.

*S. B. Pound* and *Roscoe Pound, contra.*

NORVAL, J.

This suit was instituted by William S. Martin to foreclose two real estate mortgages, executed by the defendant Inez C. Humphrey and Albert H. Humphrey. A judgment for any deficiency remaining upon the sale of the mortgaged premises was prayed against the defendant Catherine D. Becker, to whom it is alleged that the property had been conveyed by the mortgagors, and that in the deed she had assumed and agreed to pay the mortgages. The answer of Mrs. Becker, after denying each averment of the petition, pleaded that the conveyance of the property to her was made without her knowledge, that she never accepted the deed, and did not assume the payment of the mortgage. Plaintiff replied by a general denial, and averred that Mrs. Becker had, subsequent to the transfer of the mortgaged premises to her, conveyed the same to Jacob Frankforter and Rebecca J. Frankforter, subject to the mortgages in question, and thereby ratified, accepted, and adopted the deed to her and the stipulations or covenants therein contained. The district court determined the issues in favor of the plaintiff, and especially found that Mrs. Becker assumed and agreed to pay the indebtedness secured by the mortgages, and rendered a decree of foreclosure, and that plaintiff, after the confirmation of the sale of the property, should have judgment against her for any deficiency which might remain to satisfy the amount found due plaintiff by the decree. Mrs. Becker appeals on the sole ground that the finding made by the court below that she is liable for the mortgage debts is not sustained by the evidence.

It appears from the record before us that after the execution by the Humphreys of the mortgages foreclosed in the present suit they traded the mortgaged premises to Anson U. Becker for property the latter owned, which was likewise incumbered. By the terms of the agreement each grantee was to assume in the deed the payment

of the incumbrance on the property received in exchange, and the deeds were accordingly so drawn and executed. The Humphreys, at the request of Mr. Becker, on October 7, 1892, conveyed to his wife, Catherine D. Becker, the property owned by the grantors, which deed was duly recorded, and contained the provision following: "Said property is deeded subject to two mortgages aggregating $1,750 and interest, which the grantee assumes and agrees to pay, together with the taxes of 1892 and thereafter." This is the clause upon which plaintiff bases the right to a deficiency judgment against Mrs. Becker. She claims she is not bound, because she was not present when the conveyance was made, that the deed was taken without her knowledge and consent, and that she never accepted the same. Mr. Becker, it is shown, received the deed and placed it on record. He had full authority to transact her business and had entire control of her affairs. He admits his purpose in taking the deed in his wife's name was to escape liability himself for the payment of the mortgages against the property. Mrs. Becker never repudiated the conveyance taken in her name. If she was not aware of the transaction at the time of the transfer, and did not know that the conveyance of the property had been taken in her name, yet she is nevertheless liable for the payment of the mortgage indebtedness, by reason of the fact that a year after the deed to her had been recorded she joined her husband in a deed conveying the property to the defendants Jacob and Rebecca J. Frankforter, and in such deed stipulating that the grantees should assume the payment of the mortgages. Mrs. Becker thereby recognized the authority of her husband in the transaction with the Humphreys, and adopted the deed for the property which had been taken in her name by Mr. Becker. The disposition of the premises constituted an acceptance of the deed. She could not ratify the transaction in part and repudiate it as to the rest. (*Esterly Harvesting Machine Co. v. Frolkey*, 34 Neb. 110; *Morrow v. Jones*, 41 Neb. 867; *Cool-*

*idge v. Smith*, 129 Mass. 554.), The disposition of the property obtained from the Humphreys was not only an acceptance by Mrs. Becker of the deed, but of the terms of the conveyance as well. Where the deed stipulates that the grantee assumes and agrees to pay the mortgage against the premises, the grantee is personally liable to the mortgagee for such debt. (*Keedle v. Flack*, 27 Neb. 836; *Hare v. Murphy*, 45 Neb. 809.) The judgment is

