L. W. COLEMAN, APPELLEE, v. NEVA C. BECK ET AL.: LYLE P. TRUMBLEY, APPELLANT.

5 N. W. (2d) 104

FILED JULY 31, 1942. No. 31349.

14

*Beghtol, Foe & Rankin* and *Walter E. Nolte,* for appellant.

*Lloyd E. Chapman, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

EBERLY, J.

This is a suit in equity commenced by L. W. Coleman, plaintiff, against Neva C. Beck and Christoph C. Beck, wife and husband, Lyle P. Trumbley and Helen F. Trumbley, husband and wife, *et al.,* defendants, for the foreclosure of a certain real estate mortgage of which plaintiff was assignee, and for the recovery of a deficiency judgment against the defendants "for any amount which may remain unpaid after applying the proceeds of the sale of the mortgaged premises to the payment of the mortgage indebtedness, interests and costs of suit." The decree of foreclosure and sale of the mortgaged premises in usual form was duly entered. The premises were sold pursuant thereto, but the

proceeds were insufficient in amount to satisfy the amount due on the decree. Thereupon a deficiency judgment was, on application, entered in favor of plaintiff and against defendant Lyle P. Trumbley alone, for the sum of $495.28 and interest. The latter is the sole appellant in the instant case.

The appellant states in his brief: "The sole issue tried by the court below is whether the release of two defendants from a deficiency judgment on a mortgage note made by the released defendants releases subsequent grantees assuming payment of the note, and jointly sued in the foreclosure proceedings."

The petition in this foreclosure case filed by L. W. Coleman, plaintiff and assignee, was in usual form. The appellant herein was made a defendant together with others. Included with other allegations it sets forth that on May 20, 1931, the defendants, Neva C. Beck and Christoph C. Beck, for a valuable consideration, executed and delivered to the Surety Mortgage Company, payee therein named, certain promissory notes in writing, aggregating $3,000; also that as security therefor they executed and delivered to such Surety Mortgage Company, mortgagee, a certain real estate mortgage and thereby mortgaged to the mortgagee therein named certain lands therein described; that certain of the notes therein described had been paid and satisfied and that default had been made by the defendants and certain of such notes remained unpaid and unsatisfied. Copies of these notes so remaining unpaid and of the mortgage were attached to plaintiff's petition. It was further alleged that on June 4, 1931, for a valuable consideration paid, the mortgage and the notes secured thereby were duly assigned and delivered to plaintiff, who is now the owner thereof. It is not alleged that Lyle P. Trumbley ever executed the promissory notes and mortgage securing the same in suit. His sole liability is alleged to have arisen from the fact that on May 28, 1931, the defendants, Neva C. Beck and Christoph C. Beck, wife and husband, executed and delivered to the defendant Lyle P. Trumbley a warranty deed pursuant to

which there was conveyed to him all their right, title and interest in and to the real estate described in and covered by the mortgage first hereinbefore mentioned, subject to said mortgage, which warranty deed contained the following statement: "Grantee assumes payment of $3,000 mortgage to Surety Mortgage Company." It is not alleged that Trumbley thereby became jointly indebted with any of the defendants to the mortgagee named, nor is any fact alleged from which that relation can be assumed.

To this petition the defendants Lyle P. Trumbley and wife filed as their answer a general denial of each and every allegation therein contained. A decree of foreclosure and sale was entered in such foreclosure proceeding on October 23, 1939, in usual form. In this decree it was expressly determined, "That on May 28, 1931, the defendants Neva C. Beck and Christoph C. Beck executed and delivered to the defendant Lyle P. Trumbley a deed of conveyance to said real estate by which they conveyed all their right, title and interest therein subject to said mortgage and which warranty deed contains the following statement: 'Grantee assumes payment of $3,000 mortgage to Surety Mortgage Company.'" The court further found in said decree that there was due plaintiff upon the notes set forth in the petition herein, which said mortgage was given to secure, the sum of $2,942.25. This decree contains no express finding that Trumbley is jointly obligated thereby, but it directed sale of the premises to satisfy the amount due thereon. Such decree further provided: "That if any of the above amount due plaintiff is not satisfied out of the proceeds of the sale the plaintiff will, on motion, be entitled to a deficiency judgment for the amount remaining unsatisfied." On application of Lyle P. Trumbley, a stay of execution for nine months was entered. On the expiration of the stay, an order of sale was issued and a sale had, which was confirmed on September 16, 1940. Thereupon a motion for deficiency judgment against Lyle P. Trumbley was filed by plaintiff, L. W. Coleman; and after due service of notice of the application and hearing by the court, judgment was en-

tered in favor of plaintiff and against defendant Lyle P. Trumbley in the sum of $495.28. As the latter's sole defense, there was introduced in evidence on the hearing of the motion for deficiency the following "Release of Deficiency Judgment," which, omitting formal parts and notarial acknowledgment, reads as follows:

"For value received, the receipt of which is hereby acknowledged, L. W. Coleman, plaintiff in the above entitled action, does hereby release the defendant, Neva C. Beck, and the defendant, Christoph C. Beck, from any and all liability under the decree heretofore entered in the above entitled action and waives any and all claims for a deficiency judgment against the defendant, Neva C. Beck, and the defendant, Christoph C. Beck, or either of them. Dated July 23, 1940.

"Mary Jane Hendricks.                    L. W. Coleman."

On the basis of the foregoing record, appellant contends that "A negotiable instrument is discharged by any act which will discharge a simple contract for payment of money, or by renunciation," citing sections 62-801 to 62-804, Comp. St. 1929. And that "Mortgagee's release of mortgagor from liability for deficiency judgment discharges subsequent grantee assuming mortgage." He cites to sustain the last contention *Lamb v. Gregory*, 12 Neb. 506, 11 N. W. 755. The doctrine announced by the *Lamb* case is strictly limited by the terms of the opinion to the principle that "The voluntary release of one joint judgment debtor operates as a release of his codefendant." In the record before us Trumbley and Neva C. Beck and Christoph C. Beck do not appear in the capacity of joint debtors. Trumbley, by virtue of his assumption clause, does not become a party to the original promissory notes, either expressly or by necessary implication.

"The doctrine has been frequently recognized by this court that, where one buys land encumbered by a mortgage, and covenants to pay the mortgage debt, or as part of the consideration assumes the payment thereof, *his promise* creates a principal obligation which the mortgagee may en-

force against him. *Cooper v. Foss*, 15 Neb. 515; *Keedle v. Flack*, 27 Neb. 836; *Rockwell v. Blair Savings Bank*, 31 Neb. 128; *Reynolds v. Dietz*, 39 Neb. 180; *Grand Island Savings & Loan Ass'n v. Moore*, 40 Neb. 686; *Meehan v. First Nat. Bank of Fairfield*, 44 Neb. 213; *Green v. Hall*, 45 Neb. 89. It follows, as a logical consequence, that thereupon the vendor becomes in effect a surety, and the vendee the principal debtor, *that is between themselves. Paine v. Jones*, 76 N. Y. 274; *Huyler v. Atwood*, 26 N. J. Eq. 504; *Flagg v. Geltmacher*, 98 Ill. 293." *Merriam v. Miles*, 54 Neb. 566, 74 N. W. 861.

True, by a separate instrument Trumbley is primarily obligated to pay the mortgage indebtedness here involved. This obligation necessarily implies that, by virtue thereof as between the parties to the contract of assumption of the mortgage indebtedness, "the vendor becomes in effect a surety, * * * *that is between themselves*," and by virtue of their own contract and not because of the promissory note to which the terms of their contract relate.

The bill of exceptions settled in this case contains no evidence that the parties to this contract of assumption intended to create a joint obligation and no such purpose is alleged in terms or by necessary implication by the pleadings we have heretofore set out and referred to. It would follow that a decree in equity cannot be based on allegations without pertinent proof, or on proof without corresponding allegations. The relief granted must always be in conformity with the case made in the pleadings and established by the proof, and relief cannot be granted that is at variance with either. It follows as to defendants' joint liability, on which the record in the instant case supplies neither allegation nor proof, the court in its decree of foreclosure and sale would necessarily be excluded from determining that question. *Clark v. Wooster*, 119 U. S. 322, 7 S. Ct. 217; *French v. Shoemaker*, 14 Wall. 314, 20 L. Ed. 852; *Eyre v. Potter*, 15 How. 42, 14 L. Ed. 592; *Harrison v. Nixon*, 9 Pet. 483, 9 L. Ed. 201; *Harding v. Handy*, 11 Wheat. 103, 6 L. Ed. 429; *Carneal v. Banks*, 10 Wheat. 181, 6 L. Ed. 297;

*Crocket v. Lee,* 7 Wheat. 522, 5 L. Ed. 513; *Simms v. Guthrie,* 9 Cranch 19, 3 L. Ed. 642; *Lang v. Brown,* 21 Ala. 179, 56 Am. Dec. 244; *Higgins v. Higgins,* 219 Ill. 146, 76 N. E. 86, 109 Am. St. Rep. 316; *Ringgold v. Ringgold,* 1 Harr. & G. (Md.) 11, 18 Am. Dec. 250; *Evans v. Gibson,* 29 Mo. 223, 77 Am. Dec. 565; *Reynolds v. Stockton,* 43 N. J. Eq. 211, 10 Atl. 385, 3 Am. St. Rep. 305, affirmed in 140 U. S. 254, 11 S. Ct. 773; *McDonald v. Neilson,* 2 Cow. (N. Y.) 139, 14 Am. Dec. 431; *Rorer Iron Co. v. Trout,* 83 Va. 397, 2 S. E. 713, 5 Am. St. Rep. 285; *Stuart's Heirs v. Coalter,* 4 Rand. (Va.) 74, 15 Am. Dec. 731; *Waldron v. Harvey,* 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959.

Appellant also cites *Feitlinger v. Heller,* 112 N. J. Eq. 209, 164 Atl. 6, as controlling the question here presented. The deductions made therefrom, however, are inapplicable in this state due to essential difference between New Jersey and this jurisdiction on the doctrine of assumption of mortgage and the basic doctrines on which the liability of the parties to that contract are determined. Quoting from this New Jersey case:

"Equity regards a grantee's assumption of a mortgage debt as a covenant to indemnify his grantor; as between themselves the grantee is held to be the debtor and the mortgagor the surety; the covenant inures to the mortgagee on the equitable principle that the surety's security is appropriable to the payment of the debt; the liability of the grantee is enforced in equity to avoid circuity of actions, if the grantor be not personally liable at the time of assumption, the covenant is a nullity; if his liability be released and nothing remains to be indemnified against, the covenant is exhausted."

Thus, in New Jersey, it is essential that the immediate grantor, where an assumption of mortgage is involved, be a party to the consideration, and if that consideration fail the obligation is nonenforceable. The Nebraska doctrine was well stated in *Hare v. Murphy,* 45 Neb. 809, 64 N. W. 211, in the following terms:

"Where real estate encumbered by a mortgage is sold and

conveyed and there is inserted in the deed a clause which states that the grantee assumes and agrees to pay the mortgage debt, and the deed is accepted by the purchaser of the land with knowledge that it contains the clause, or where the purchaser of land agrees, as a part of the consideration for the sale of the property to him, to assume and pay a mortgage indebtedness existing against the land, he becomes personally liable for the payment of the mortgage debt, and this is true whether his immediate grantor was so liable or not, and the liability thus created may be enforced by the mortgagee or his assigns, as it was for his or their use and benefit that such promise was made."

See, also, *Union P. R. Co. v. Metcalf,* 50 Neb. 452, 69 N. W. 961; *Tecumseh Nat. Bank v. Best,* 50 Neb. 518, 70 N. W. 41; *Gibson v. Hambleton,* 52 Neb. 601, 72 N. W. 1033; *Morrill v. Skinner,* 57 Neb. 164, 77 N. W. 375; *Martin v. Humphrey,* 58 Neb. 414, 78 N. W. 715; *Thompson v. West,* 59 Neb. 677, 82 N. W. 13.

It follows that, under the Nebraska rule, the validity of the assumption being in no manner determinable by the fact that the vendor may be a stranger to the original consideration on which the contract of assumption is based, *Feitlinger v. Heller, supra,* is neither controlling nor applicable to the instant case.

Nor do the terms of the decree of foreclosure and sale adjudicate a relation of joint defendants between Trumbley and the other defendants in the proceedings, nor in any manner purport to affect the real relations of the parties involved to each other or to the cause of action in suit. A similar question was presented in *Rushton v. Dierks Lumber Co.,* 2 Neb. (Unof.) 563, 89 N. W. 616. Day, C. (later a justice of this court) in the opinion in the *Rushton* case employed the following language:

"It is claimed by the appellants that the finding entered in the decree of foreclosure, to the effect that the amount of the decree is due from Johnston and Folsom, is conclusive as to Folsom's relations to this indebtedness and precludes him from now claiming any rights of a guarantor. * * * In

this case the original petition in foreclosure disclosed Folsom's position as guarantor. It contains no allegation inconsistent with his present position. The finding of the court was simply that the amount of money was due from Johnston to Folsom, and did not undertake to deal with the relation in which Johnston and Folsom stood to each other; the amount so found due was declared to be a lien upon the mortgaged premises. This cannot be held to be an adjudication that Johnston and Folsom are joint debtors, nor as any warrant for the plaintiff treating them as such in contravention of the express terms of Folsom's contract. This finding by an equity court as a basis of a sale of mortgaged premises is not by any means the equivalent of the merger of the whole claim in a joint judgment, such as took place in the case of *Potvin v. Meyers,* 27 Neb. 749."

It cannot be said that the release of deficiency judgment in this case operated to discharge one joint debtor either from the obligation of the cause of action or of the decree entered therein. The relations between the Trumbleys and the Becks were those of principal and surety on the indebtedness in litigation. Plaintiff was entitled to recognize it for all purposes and his rights in view of the existing situation are well defined in the following quotation:

"Not only may a creditor, if he so chooses, release or compound with a surety, but he may do so without in any way affecting his right to hold the principal to his ultimate liability. In other words, not only will such a release have no effect in discharging the principal, but the latter will not be entitled to credit on his obligation for any sum paid by the surety in consideration of his release as such surety. While unquestionably the law is that if the creditor, without the knowledge and consent of the surety, should release the principal debtor, the surety would be thereby released, the release of a surety does not increase the legal or equitable responsibilities of the principal, nor as to him change the nature or extent of his contract. Nor does the merger of the contract in a judgment exclude the operation of this rule."

21 R. C. L. 1049, sec. 94. See, also, *In re Kimbrough-Veasey Co.*, 292 Fed. 757.

It follows that the trial court properly entered the deficiency judgment against the appellant Trumbley.

AFFIRMED.