Chen v. Whitaker

BIA
Lamb, IJ
A096 314 325

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand eighteen.

PRESENT:
JON O. NEWMAN,
DENNIS JACOBS,
PIERRE N. LEVAL,
*Circuit Judges.*

_____

XIN ZHEN CHEN,
*Petitioner,*

v.                                                    12-1436
                                                      NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:          Stuart F. Delery, Acting
                         Assistant Attorney General; Blair
                         T. O'Connor, Assistant Director;

Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xin Zhen Chen, a native and citizen of the People's Republic of China, seeks review of a March 30, 2012, decision of the BIA affirming both the July 14, 2010, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the IJ's August 10, 2010, decision denying her motion to reopen. *In re Xin Zhen Chen*, No. A096 314 325 (B.I.A. Mar. 30, 2012), *aff'g* No. A096 314 325 (Immig. Ct. N.Y. City July 14 and Aug. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v.*

2

04122018-2

*Mukasey*, 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008).

Chen applied for asylum, withholding of removal, and CAT relief based on her claim that she fears persecution because she has had more than one child in violation of China's population control program. For largely the same reasons set forth in *Jian Hui Shao*, we find no error in the agency's determination that Chen failed to satisfy her burden for asylum, withholding of removal, and CAT relief. *See* 546 F.3d at 158-67; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Contrary to Chen's contention, the BIA was not required to review the IJ's alternative ruling that Chen's asylum application was untimely. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The BIA did not err in denying Chen's motion to reopen because Chen's evidence in support of her claimed fear of religious persecution was available and could have been presented at the hearing before the IJ. *See* 8 C.F.R. § 1003.23(b)(3); *Jian Hui Shao*, 546 F.3d at 168. Chen does not challenge that determination here. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

3

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

4

04122018-2