## LOUISA JOHNSON *et al.*

### *v.*

## BERNHARD BERLIZHEIMER.

1. SURVIVING PARTNER—*may assign note payable to the firm.* The sole survivor of a firm may assign a promissory note payable to the late firm, by indorsement, so as to vest the legal title in the assignee, as effectually as if the note had been made payable to him.

2. PRESUMPTION—*in favor of the action of court.* Where a note is made payable to a firm, and a power of attorney given to confess a judgment upon it in favor of such firm or its assignee or assignees, and the note

is assigned by one member of the firm, describing himself as successor of the firm, and judgment is confessed in favor of the assignee, the presumption is that evidence was heard by the court showing that the person indorsing the note was the proper person to do so; that the court had jurisdiction to render the judgment it did.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. JOHN I. BENNETT, for the plaintiffs in error.

Messrs. AVERY & COMSTOCK, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The note upon which the judgment was confessed was payable to Lazarus Silverman & Co., and the power of attorney was to confess a judgment in favor of " Lazarus Silverman & Co. or his or her assignee or assignees." The objection insisted upon is, the note was never assigned to plaintiff, and hence there was no warrant for confessing a judgment in his favor.

The indorsement on the back of the note was signed " Lazarus Silverman, successor to Lazarus Silverman & Co." Of what number of persons the firm of Lazarus Silverman & Co. was composed the record does not disclose. It may have consisted of two or more persons. How Lazarus Silverman became successor of the firm, does not appear. It may have been by purchase of the interests of the other members, or by the death of the other members of the firm, and he the sole survivor.

Conceding the correctness of the proposition asserted, that at law a moiety or any other portion of a promissory note can not be assigned, so as to enable the assignee to bring an action in his own name for his distinct interest, the law is equally well settled, the sole survivor of a firm may assign a promissory note payable to the late firm, by indorsement, so as to vest the legal title in the assignee as effectually as if the note had been made payable to him. The legal effect would be the same as the indorsement of the firm. Evidence may have been given that the other partners were all dead, and Lazarus Silverman

was the sole survivor of the firm, and the mere fact he may have signed himself successor can make no difference, so his indorsement passed the legal title of the whole of the note to plaintiff. In that view, the judgment was properly confessed. Every reasonable presumption ought to be indulged in favor of the action of a court of general jurisdiction. Whether any evidence was heard by the court when the judgment was confessed, the record is silent. We can see, proof may have been made that Lazarus Silverman was the proper and the only proper person to indorse the note, and hence the court had jurisdiction to render the judgment it did.

Presuming in favor of the regularity of the action of the court until the contrary is made to appear, the judgment will be affirmed.

*Judgment affirmed.*