EMIL LINDNER V. ADAMS COUNTY BANK ET AL.

FILED NOVEMBER 18, 1896. No. 6940.

1. **Partnership: DISSOLUTION: ASSETS.** On the dissolution of a partnership by the death of one of its members, the possession and control of the partnership assets vest in the surviving partner, who has power to dispose of the same.

2. ———: ———: ———. Such surviving partner may sell and pass title to a chose in action belonging to the partnership.

3. ———: ———: ———: RIGHTS OF SURVIVING PARTNER. The rule applied to a case where partnership property had been sold under decree of foreclosure, leaving a surplus in court, which the surviving partner had assigned to a stranger. *Held*, That such stranger was entitled thereto as against the administrator of the deceased partner, the *bona fides* and consideration of the transfer being unimpeached.

ERROR from the district court of Red Willow county. Tried below before WELTY, J.

The facts are stated by the commissioner.

*J. E. Kelley* and *W. S. Morlan,* for plaintiff in error:

The court erred in denying the application of the administrator without hearing any evidence and in holding that the question as to who was entitled to the partnership funds could not be inquired into in this proceeding. (Code, secs. 854, 855; Wiltsie, Mortgage Foreclosure, secs. 750, 758; *Union Ins. Co. v. Van Rensselaer,* 4 Paige Ch. [N. Y.], 84.)

The partnership was dissolved by the death of a partner. The surviving partner thereupon became the sole owner of all the personalty belonging to the partnership, as a trustee for the benefit of all its creditors, and of the estate of his deceased partner. (17 Am. & Eng. Ency. of Law, 1154; *Nelson v. Hayner,* 66 Ill., 487; *Ames v. Downing,* 1 Bradf. [N. Y.], 321; *Case v. Abeel,* 1 Paige Ch. [N. Y.], 393; *Brown v. Watson,* 66 Mich., 223; *Washburn v. Goodman,* 17 Pick. [Mass.], 518; *Philips v.*

*Atkinson*, 2 Bro. Ch. [Eng.], 272\*; *Burden v. Burden*, 1 Ves. & B. [Eng.], 170; *Hartz v. Schrader*, 8 Ves. [Eng.], 317; *Buchan v. Sumner*, 2 Barb. Ch. [N. Y.], 199; *Andrews v. Brown*, 21 Ala., 437.)

The surviving partner's share of the property was one-half of the surplus remaining after payment of all partnership creditors, and the settlement of all accounts between the partners. (*Sage v. Sherman*, 2 N. Y., 428; *Hiscock v. Phelps*, 49 N. Y., 103; *Doner v. Stauffer*, 1 Pen. & W. [Pa.], 198; *Dyer v. Clark*, 5 Met. [Mass.], 562; *Divine v. Mitchum*, 4 B. Mon. [Ky.], 488; *Lake v. Craddock*, 3 P. Wms. [Eng.], 158; *Foster v. Hale*, 3 Ves., Jr. [Eng.], 696; *Bell v. Phyn*, 7 Ves., Jr. [Eng.], 453; *Gilmore v. North American Land Co.*, 1 Pet. [U. S. C. C.], 460; *Winslow v. Chiffille*, Harp. Eq. [S. Car.], 25; *Robinson v. Crowder*, 4 McCord [S. Car.], 519; *Sigourney v. Munn*, 7 Conn., 11.)

The surviving partner may assign only his share in the surplus after all partnership debts are paid, and all claims in favor of his deceased partner have been satisfied. (*Taylor v. Fields*, 4 Ves. [Eng.], 396; *Ex parte King*, 17 Ves. [Eng.], 115; *Christian v. Ellis*, 1 Gratt. [Va.], 396; *Nicoll v. Mumford*, 4 Johns. Ch. [N. Y.], 522; *Davis v. Grove*, 2 Rob. [N. Y.], 136; *Sumner v. Hampton*, 8 O., 328; *Winston v. Ewing*, 1 Ala., 129; *White v. Dougherty*, 1 M. & Y. [Tenn.], 309; *Pearson v. Keedy*, 6 B. Mon. [Ky.], 128.)

References as to interest acquired by assignee: *Williams v. Love*, 73 Am. Dec. [Tenn.], 191; *Craig v. Leiper*, 2 Yerg. [Tenn.], 193.

*Capps & Stevens, contra:*

A surviving partner is the owner of the partnership assets, and has a legal title to the property. (*Stanford v. Lockwood*, 95 N. Y., 582; *Hoyt v. Sprague*, 103 U. S., 613; *Shanks v. Klein*, 104 U. S., 18.)

IRVINE, C.

The record in this case discloses that the Adams County Bank brought the action against Abraham Loeb and

wife, Lindner, the administrator, Rosa Hirsch, the widow, and Benjamin and Jacob Hirsch, the heirs of Samuel Hirsch, deceased, to foreclose a mortgage executed by Loeb and Samuel Hirsch in favor of the bank. The case proceeded to foreclosure and sale, and after satisfying the bank's debt there remained a large surplus, one-half of which was afterwards by the court ordered paid to the guardian of the heirs of Samuel Hirsch. The present controversy relates to the disposition of the remainder of the surplus, it being claimed on one hand by an assignee of Loeb, and on the other hand by the administrator of Hirsch. The district court made an order directing its payment to William Kerr, the assignee of Loeb. This order was made on consideration of the application and the record in the case, without evidence, and the question presented for review is substantially, therefore, whether the administrator's application, taken in connection with facts established by the record, was sufficient, if the allegations contained in the application were true, to entitle him to the unpaid surplus. The application alleges, in brief, that Loeb and Samuel Hirsch were, in the latter's lifetime, partners, and that the real estate sold under the decree of foreclosure was partnership property; that after the death of Hirsch, Loeb collected the rents and profits of the real estate, and continued to carry on the business and collect debts due the partnership; but failed to pay the debts of the partnership and had refused to apply moneys coming into his hands for the purpose of discharging such debts, but had converted the partnership property to his own use; that the partnership owned property largely in excess of its liabilities; that Loeb is insolvent; that on an accounting between Loeb and Hirsch's administrator, Loeb would be indebted to the latter in at least $3,000.

In the briefs many questions are discussed with regard to the rights of surviving partners, and the propriety of an examination into their transactions and an accounting in a proceeding of this character. We think, however, a

single principle controls the decision of the case. The assignment of the surplus arising from the sale, from Loeb to Kerr, was made before the sale was confirmed. It recites a consideration of $1,250 paid by Kerr to Loeb. Its legal effect was as an assignment of a chose in action belonging to a partnership by the surviving partner to a stranger. Neither by any averment in the administrator's application for the surplus, nor elsewhere in the record, is the *bona fides* or consideration of this assignment attacked. On the dissolution of a partnership by the death of one of the partners, the partnership property vests in the survivor, in trust, it is true, for the settlement and winding up of the partnership business, but nevertheless with power of disposition for that purpose, and the surviving partner may, in such case, convey or transfer the property to a stranger, who will take title by virtue of such conveyance or transfer. (*Fitzpatrick v. Flannagan*, 106 U. S., 648.) Not only may tangible property be so transferred by a surviving partner, but also choses in action. (*Johnson v. Berlizheimer*, 84 Ill., 54; *Roys v. Vilas*, 18 Wis., 169*; *Daby v. Ericsson*, 45 N. Y., 786; *Bohler v. Tappan*, 1 Fed. Rep., 469.) It follows from this principle that the assignment by Loeb, the surviving partner, to Kerr of any surplus that might remain after satisfying the decree in favor of the bank, such assignment being unimpeached, operated to transfer the right of the partnership to such fund to Kerr, and it remained no longer a partnership asset, so that the question as to whether, in the absence of such an assignment, an accounting might be had in this action between the surviving partner and the personal representative of the deceased partner, and the surplus distributed in accordance with the result of such accounting, is not material to the present case. A case much in point is *Willson v. Nicholson*, 61 Ind., 241. That was an action on a promissory note made to a partnership which had been assigned by delivery to the plaintiff by the surviving partner. Certain creditors of the partnership had filed counter-claims, al-

leging insolvency of the firm and of all its members; and that the note in suit constituted the firm's only assets, and that the plaintiff had purchased it with full knowledge of the facts. They prayed that the proceeds of the instrument should be applied to the payment of their claims. The supreme court affirmed the action of the trial court in striking out the counter-claims, on the ground that the surviving partner succeeded to the assets and had the right to dispose thereof, and that in the absence of any allegation to the contrary it would be presumed that the assignment to the plaintiff was *bona fide* and for a valuable consideration.

AFFIRMED.

RAGAN, C., not sitting.