UNION PACIFIC RAILWAY COMPANY v. METCALF & WOOD.

FILED JANUARY 19, 1897. No. 7007.

1. **Partnership:** ACTIONS: DEATH OF PARTNER: ABATEMENT. A petition set forth that the plaintiffs, A & B, were a firm composed of A and B, formed for the purpose of doing business in this state. The caption was in the firm name alone. The summons did not appear in the record. *Held*, That the action was not one brought under section 24 of the Code, authorizing partnerships to sue without setting forth the names of the partners, and that it did not abate on the death of one of the partners.

2. ——: ——: ——: ——. That the surviving partner was already a party to the action, and that on the death of the other partner the action could properly be continued in the name of the survivor alone.

3. **Carriers:** FAILURE TO DELIVER CONSIGNMENT: PLEADING. An action against a carrier for failure to deliver goods cannot be maintained by the consignor in the absence of averments that he was the owner of the goods, that he was liable for their loss, or that he had sustained special damage.

ERROR from the district court of York county. Tried below before BATES, J. *Reversed.*

The facts and issues are stated in the opinion.

*John M. Thurston, W. R. Kelly,* and *E. P. Smith,* **for** plaintiff in error:

The court erred in overruling the motion of defendant below, founded on its plea in the nature of abatement, that the action be dismissed. (*Burlington & M. R. R. Co. v. Dick,* 7 Neb., 242; *Lease v. Vance,* 28 Ia., 509; *Weisz v. Davey,* 28 Neb., 566; *Hays v. Lanier,* 3 Blackf. [Ind.], 322; *Bentley v. Smith,* 3 Caines [N. Y.], 170; *Simmons v. Titche,* 14 S. R. [Ala.], 786; *Leach v. Milburn,* 14 Neb., 106; *Burrows v. Bashford,* 22 Wis., 104; *Otis v. Thorn,* 18 Ala., 395; *Davis Avenue R. Co. v. Mallon,* 57 Ala., 168; *Dubbers v. Goux,* 51 Cal., 154; *Sheldon v. Hoy,* 11 How. P. [N. Y.], 11; *Merritt v. Seaman,* 6 N. Y., 168.)

The court erred in overruling the demurrer to the petition and the objection on the trial to any evidence being given by the plaintiff in the case, for the reason that the petition did not state facts sufficient to constitute a cause of action against defendant. (*Arzbacher v. Mayer*, 53 Wis., 384; *Stevens v. Nichols*, 130 U. S., 230; *Roberts v. Lovell*, 38 Wis., 211; *Nelson v. Swan*, 13 Johns. [N. Y.], 483.)

The petition affirmatively shows that the cause of action is in McCourtie, Hill & Co., named therein as consignee, and not in the plaintiff Metcalf & Wood. *Prima facie* the consignees are the owners and the right of action is in them, the legal presumption being that when goods are sent to a consignee, the title thereto vests in him as soon as they are shipped. (*Dawes v. Peck*, 8 Term R. [Eng.], 330; *Lawrence v. Minturn*, 17 How. [U. S.], 100; *Ogden v. Coddington*, 2 E. D. Smith [N. Y.], 317; *Tronson v. Dent*, 36 Eng. L. & Eq., 41; *Coleman v. Lambert*, 5 M. & W. [Eng.], 502; *Pennsylvania Co. v. Poor*, 103 Ind., 553; *Madison, I. & P. R. Co. v. Whitesel*, 11 Ind., 55; *Pennsylvania Co. v. Holderman*, 69 Ind., 18; *Ludlow v. Bowne*, 1 Johns. [N. Y.], 1; *Wiseman v. Vandeputt*, 2 Vern. [Eng.], 203; *Coxe v. Harden,* 4 East [Eng.], 211; *Dawes v. Peck*, 8 Term [Eng.], 330; *Coates v. Chaplin*, 2 G. & D. [Eng.], 552; *Dunlap v. Lambert*, 6 Clark & F. [Eng.], 600; *Hazleton v. Union Bank of Columbus*, 32 Wis., 34; *Roberts v. Lovell*, 38 Wis., 211; *Friddle v. Crane*, 68 Ind., 583; *Wilson v. Town of Monticello*, 85 Ind., 10; *Wier v. State*, 96 Ind., 311.)

There was nothing in the petition charging defendant, or showing it liable, as a common carrier, except on its own lines within the state. There is no evidence showing any loss or damage to the consignment while being transported within the state. Plaintiff should not recover. (*Gibbons v. Ogden*, 9 Wheat. [U. S.], 1; *Hannibal & St. J. R. Co. v. Husen*, 95 U. S., 472; *State Freight Tax,* 15 Wall. [U. S.], 232; *Ward v. Maryland*, 12 Wall. [U. S.], 418; *Welton v. State of Missouri*, 91 U. S., 275; *Henderson v. Mayor of New York*, 92 U. S., 259; *Chi Lung v. Freeman*, 92 U. S., 275; *Hobart v. Drogan*, 10 Pet. [U. S.], 108; *United*

*States v. New Bedford Bridge*, 1 W. & M. [U. S.], 418; *Davis v. Duncan*, 17 Am. & Eng. R. Cas. [Miss.], 295.)

The limitations printed upon the face of the bill of lading, and the rules and regulations indorsed upon the back thereof, were in terms agreed to by both of the contracting parties, and were in all respects valid and binding. (*Swift v. Philadelphia & R. R. Co.*, 58 Fed. Rep., 858; *Welton v. State of Missouri*, 91 U. S., 282; *Brown v. Houston*, 114 U. S., 622.)

A common carrier may lawfully contract for indemnity from responsibility beyond its own lines as to freight shipped on its own road and from thence carried over another road than that of the carrier, but connecting therewith. (*Terre Haute & L. R. Co. v. Sherwood*, 31 N. E. Rep. [Ind.], 786; *Hallenbake v. Fish*, 8 Wend. [N. Y.], 547; *Russell v. Fagan*, 8 Atl. Rep. [Del.], 258; *Mason v. Thompson*, 9 Pick. [Mass.], 280; *Myrick v. Michigan C. R. Co.*, 107 U. S., 102; *Nutting v. Connecticut River R. Co.*, 1 Gray [Mass.], 502; *Burroughs v. Norwich & W. R. Co.*, 100 Mass., 26; *Case v. Dunmore*, 23 Pa. St., 93; *Butt v. Green*, 29 O. St., 667; *Shelly's Appeal*, 36 Pa. St., 373; *Spitley v. Frost*, 15 Fed. Rep., 299; *Weinberg v. Albemarle & R. R. Co.*, 91 N. Car., 31; *Boorman v. American Express Co.*, 21 Wis., 157; *Grace v. Adams*, 100 Mass., 505; *Illinois C. R. Co. v. Jonte*, 13 Brad. [Ill. App.], 424; *Muller v. Cincinnati, H. & D. R. Co.*, 2 Cinn. Sup. Ct. Rep. [O.], 280; *McCarn v. International & G. N. R. Co.*, 19 S. W. Rep. [Tex.], 547; *Atchison & N. R. Co. v. Washburn*, 5 Neb., 117; *Missouri P. R. Co. v. Vandeventer*, 26 Neb., 222; *Union P. R. Co. v. Marston*, 30 Neb., 241.)

*F. C. Power, contra:*

The action did not abate upon the death of the partner. (2 Bates, Partnership, sec. 725; *Cragin v. Gardner*, 31 N. W. Rep. [Mich.], 206; *Phœnix Ins. Co. v. Moog*, 1 So. Rep. [Ala.], 108.)

The carrier's liability is not restricted to its own line. (Compiled Statutes, ch. 16, sec. 111; *Atchison & N. R. Co.*

*v. Washburn*, 5 Neb., 117; *Missouri P. R. Co. v. Vandeventer*, 26 Neb., 222; *Union P. R. Co. v. Marston*, 30 Neb., 241; *St. Joseph & G. I. R. Co. v. Palmer*, 38 Neb., 463; *Atchison, T. & S. F. R. Co. v. Lawler*, 40 Neb., 356; *Murray v. Chicago & N. W. R. Co.*, 62 Fed. Rep., 24.)

IRVINE, C.

This was an action against the Union Pacific Railway Company for failure to convey and deliver certain goods consigned by Metcalf & Wood from York, Nebraska, to McCourtie, Hill & Co., at Chicago, Illinois. As several questions arise out of averments in the petition, we quote a portion thereof:

"METCALF & WOOD AND JAMES H. WOOD, SURVIVING MEMBER OF THE SAID FIRM, PLAINTIFFS,

v.

UNION PACIFIC RAILROAD COMPANY, DEFENDANT.

"Plaintiff for cause of action against the defendant alleges that this plaintiff, Metcalf & Wood, is a firm of persons composed of Lafayette Metcalf and James H. Wood, formed for the purpose of doing business in this state and not incorporated, and doing business in York, York county, Nebraska, in the name and style of Metcalf & Wood.

"2. Defendant is a corporation duly incorporated by act of congress of the United States.

"3. Said defendant, at the times thereinafter mentioned, was and still is a common carrier of goods and chattels for hire from York, York county, Nebraska, to Chicago, in the state of Illinois.

"4. On or about the 1st day of December, 1891, the plaintiff delivered to the defendant one car load of flaxseed at York, Nebraska, containing one thousand bushels of flax, to be safely and securely conveyed by said defendant from said York, Nebraska, to said Chicago, in the

state of Illinois, and the defendant then and there undertook and agreed, for a certain reward to be paid by the plaintiff to the said defendant, to so safely and securely deliver the said flaxseed to McCourtie, Hill & Co., at the city of Chicago and state of Illinois.

"5. The said defendant did not safely convey and deliver the said flax as it had undertaken to do, but, on the contrary, conducted itself so negligently in and about carrying and transporting the same that on the line of the defendant's railroad between said York and Chicago five hundred bushels of said flaxseed, which was of the value of ninety-two cents per bushel, was wholly lost to the plaintiff, to the plaintiff's damage in the sum of $460."

This was followed by a second count, in similar language, averring the shipment and failure to deliver of a car load of shelled corn. The verdict having been in favor of the defendant, which is here the complaining party, on the second count of the petition, it is unnecessary to set it out or further consider it. The defendant demurred to each cause of action. The demurrers were overruled, and the defendant then answered denying *seriatim* the averments of the petition, including the alleged partnership. Further, the defendant averred "that said flaxseed and corn    *    *    *    was delivered to and received by said defendant and placed in the cars of the defendant for McCourtie, Hill & Co. of Chicago, and that the same was safely conveyed and delivered to the said McCourtie, Hill & Co. in the city of Chicago, in the state of Illinois, without any negligence or want of care on the part of the defendant in respect thereto." In addition to this, it was alleged that the action was one arising under the constitution and laws of the United States, the goods being received in accordance with two certain bills of lading at York, Nebraska, to be carried to Council Bluffs, Iowa, the terminus of defendant's line, under the agreement that the responsibility of defendant as a common carrier should cease at Council Bluffs, and that said goods were forwarded therefrom over some other road

to Chicago.  Finally, it was pleaded that if there was any such firm as Metcalf & Wood it had, since the commencement of the action, been dissolved by the death of Lafayette Metcalf, and that by reason thereof the action had abated.  Thereafter the defendant moved the court for a judgment of dismissal on the plea in abatement. This motion was overruled and the plaintiff given leave to insert in the caption the words, now appearing therein, "and James H. Wood, surviving member of said firm." Thereupon the plaintiff filed a reply denying new matter in the answer, admitting the death of Lafayette Metcalf, and alleging that James H. Wood was the surviving member of the firm.  The case was then tried, resulting in a verdict for the plaintiff on account of the flax.  This judgment the defendant seeks to reverse, assigning fifty-four errors, most of which are more or less specifically argued in the briefs.

The first question presented relates to the action of the court in overruling the plea in abatement.  The argument is founded upon the theory that the action is prosecuted under section 24 of the Code of Civil Procedure, whereby "Any company or association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property in this state, and not incorporated, may sue and be sued by such usual name as such company, partnership, or association may have assumed to itself or be known by, and it shall not be necessary in such case to set forth in the process or pleading, or to prove at the trial, the names of the persons composing such company."  It is contended that when a suit is brought under this section it is an impersonal proceeding, the individual members of the firm are not, as such, parties thereto, and that when dissolution occurs the firm has no longer any legal existence, and that an action so brought therefore abates.  We need not investigate this question, because the suit was not in fact brought under the section referred to.  The opening paragraph of the petition describes the firm of Metcalf &

Wood as composed of Lafayette Metcalf and James H. Wood, and the caption, which originally contained merely the name of the firm, should not be permitted to control this specific averment, which was undoubtedly traversable and constituted the individual members parties plaintiff. We do not know how the summons issued, but the pleadings, in the language of section 24 of the Code, set forth the names of the persons composing the company, and the action must be treated as if brought regardless of that section. We have quite recently held, following well established principles, that on the death of a partner the assets and choses in action of the partnership vest in the survivor. (*Lindner v. Adams County Bank*, 49 Neb., 735.) It is, therefore, the surviving partner who has in such case a right to proceed with the action. He was already a party, and the orderly course, perhaps, would have been to suggest the death of the other partner and to procure an order permitting the action to proceed in the name of the survivor alone. But the death of Metcalf was suggested in this case by both answer and reply. Wood was already a party and there was no error in permitting his name to be added in the caption of the petition. The judgment was rendered in favor of Wood alone, so that while the proceedings were not strictly regular, they were without prejudice to the defendant.

It is next argued that the court erred in overruling the objection of the defendant to the introduction of any evidence, on the ground that the petition did not state a cause of action. It will be observed that the petition contained no averment that the plaintiffs were the owners of the goods shipped, nor did it contain any averment of facts showing that the plaintiffs were in any manner liable for their loss. On the other hand, it affirmatively averred that the goods were to be safely conveyed and delivered to McCourtie, Hill & Co. in Chicago. It is claimed that it was thus affirmatively shown that the cause of action was in McCourtie, Hill & Co., and not in

the plaintiff. This raises a question on which the authorities present a most embarrassing conflict. To review them *in extenso* would be tedious and not very profitable. A few English cases seem, according to the varying opinions of different courts and judges, to have formed bases for the different views expressed in this country. In *Davis v. James*, 5 Burr. [Eng.], 2680, Lord Mansfield sustained an action by the consignor upon the theory that wherever the property lay, the contract was between the consignor and the carrier, and that the consignor was bound to pay the freight. In *Joseph v. Knox*, 3 Camp. [Eng.], 320, Lord Ellenborough sustained a similar action on the same ground of privity of contract, and because the consideration moved from the consignor. However, in *Dawes v. Peck*, 8 T. R. [Eng.], 330, the prior cases were distinguished upon the ground that a special contract had been established, and the king's bench held unanimously that the right of action must depend upon the ownership of the goods; that they became the property of the consignee on delivery to the carrier. Therefore, the right of action was in the consignee, and not the consignor. These and many other cases were reviewed by the house of lords in *Dunlop v. Lambert*, 6 C. & F. [Eng.], 600, and the conclusion reached that generally the consignee is the proper person to sue. Yet this rule may be varied by circumstances, among them the fact of a special contract between the consignor and the carrier. As before remarked, these different views are reflected throughout the decisions of American courts, and in the absence of uniform direct authority we might be free to adopt whatever view seemed to us best founded on principle. We have, however, in our own law a few landmarks by which we must to a certain extent be guided. In the first place, the constitution provides that "the liability of railroad corporations as common carriers shall never be limited" (Constitution, art. 11, sec. 4), and it has been held that by special contract a railroad company may not limit its liability as a carrier. (*Atchison & N. R. Co. v. Washburn*,

5 Neb., 117; *Missouri P. R. Co. v. Vandeventer*, 26 Neb., 222; *St. Joseph & G. I. R. Co. v. Palmer*, 38 Neb., 463; *Atchison, T. & S. F. R. Co. v. Lawler*, 40 Neb., 356.) It would seem to result from this doctrine that the liability of carriers must be measured according to the common-law rule, without regard to special contracts, and that this rule should operate in favor of both parties. Next, it has been held that a bill of lading is a symbol of property, and one properly indorsed operates as a delivery of the property, so that delivery must be made to the lawful holder of the bill of lading in order to discharge the carrier; and this was held in an action by such lawful indorsee of the bill of lading against a carrier who had delivered the goods to another. (*Union P. R. Co. v. Johnson*, 45 Neb., 57.) It would seem to follow from this that by issuing its bill of lading a carrier becomes responsible for the delivery of goods to the consignee or his assignee, the duty following the bill of lading and not remaining in favor simply of the consignor. (See, also, *Union Stock Yards Co. v. Westcott*, 47 Neb., 300.) Again, it has been held that the refusal of a carrier to surrender goods to the rightful owner amounts to a conversion, and to surrender to the rightful owner is a good defense to an action by the consignee. (*Shellenberg v. Fremont, E. & M. V. R. Co.*, 45 Neb., 487.) We think it may be safely said, then, that the law of this state establishes these propositions: That the rights and liabilities of carriers must be determined according to the rules of the common law, without regard to special contracts of shipment, and that the carrier on receiving goods receives them for the owner, presumably the consignee, or his assignee, but the real owner, whoever he may be; that the consignee may sue and recover merely on proof that he is the consignee; that the indorsee of the bill of lading may sue on the production of the bill of lading, properly indorsed to him; that the real owner may sue. We think it would be an intolerable hardship on the carrier to hold also that an action would lie by the consignor merely because he is

the consignor, without any averment that he is the owner,
that he is liable for the goods, or that he has sustained
special damage.   The cases holding that in the absence
of such averments the consignor may sue are not, as we
believe, in accordance with the principles of law estab-
lished in this state.   As already seen, Lord Mansfield, in
*Davis v. James, supra,* based the right on the fact that the
consignor was to pay the freight, and that the contract
for carriage was with him.   This principle was more
clearly stated by Lord Ellenborough in *Joseph v. Knox,*
*supra,* recovery being placed on the ground that the con-
sideration moved from the consignor, to whom the prom-
ise was made.   But it is well settled here that a third
person for whose benefit a promise is made, although not
a party to the consideration, may sue thereon.   (*Shamp v.*
*Meyer,* 20 Neb., 223; *Keedle v. Flack,* 27 Neb., 836; *Fonner*
*v. Smith,* 31 Neb., 107; *Kaufman v. United States Nat. Bank,*
31 Neb., 661; *Hale v. Ripp,* 32 Neb., 259; *Sample v. Hale,*
34 Neb., 220; *Lyman v. City of Lincoln,* 38 Neb., 794; *Doll*
*v. Crume,* 41 Neb., 655; *Chicago, B. & Q. R. Co. v. Bell,* 44
Neb., 44; *Hare v. Murphy,* 45 Neb., 809.)   Prior to the es-
tablishment of this rule all benefits from the express con-
tract of carriage would be lost unless the consignor him-
self might sue.   But the establishment of the modern
principle undermines the whole reasoning on which the
decisions of Lord Mansfield and Lord Ellenborough were
based.   The American cases taking a similar view are
based largely on the learned opinion of Chief Justice
Shaw in *Blanchard v. Page,* 8 Gray [Mass.], 281.   An in-
spection of that case will show that it is founded on the
same obsolete reasons.   All the cases hold that the pre-
sumption is that the consignee is the owner, and all the
cases holding that the consignor may sue are based, so
far as we can ascertain, on one of three grounds: First,
that it was made to appear by pleadings and proof that
the consignor was the owner; or second, that the con-
signor was liable to the consignee or suffered special
damage; or third, cases based solely on the doctrine of

privity of contract, which, we think we have demonstrated, does not apply in this state. Our Code requires all actions to be brought by the real party in interest, except in certain cases specified. (Code of Civil Procedure, secs. 29, 32.) The only exception which could possibly be applicable to this case is that one "with whom or in whose name a contract is made for the benefit of another" may bring the action without joining the beneficiary. In Missouri it has been held, under a similar provision, that the consignor falls within this exception, and may maintain the action for the benefit of the owner. But this case was based solely on former adjudications of that court wherein it had been held that assignees of choses in action for the purpose of collection only might sue in their own names. *Hoagland v. Van Etten*, 22 Neb., 681, is contrary to that rule. We cannot see how the consignor can be conceived to be the trustee of an express trust. He may, strictly speaking, be a person with whom a contract is made for the benefit of the consignee. But this is true in every case where a promise is made for the benefit of a third person. Our law permits the third person to sue. Could a judgment in favor of the promisee be pleaded in bar of an action by the real party in interest? We think not. Under the allegations of this petition, ownership not being averred in the plaintiffs, and a consignment to McCourtie, Hill & Co. being pleaded, the presumption is that McCourtie, Hill & Co. were the owners. The defendant was bound to deliver to them. They or their indorsees could maintain an action. Delivery to the true owner was necessary to discharge the carrier from liability. Should McCourtie, Hill & Co. sue the carrier, it would be no defense to plead a former recovery by the consignor, unless such consignor was the owner. The objection to the evidence should have been sustained.

REVERSED AND REMANDED.