EIMO GOOS, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, APPELLANT.

FILED JUNE 11, 1909. No. 15,677.

1. **Appeal: REVIEW.** Where a jury in passing on issues of fact properly submitted by instructions renders a verdict supported by sufficient evidence, it will not be disturbed on appeal, unless manifestly wrong.

2. ———: ———. On appeal a judgment should not be reversed for a ruling which is in no way prejudicial to the rights of appellant.

APPEAL from the district court for Webster county: ED L. ADAMS, JUDGE. *Affirmed.*

*James E. Kelby* and *W. A. Dilworth,* for appellant.

*A. M. Walters, contra.*

ROSE, J.

This is an action against defendant as a carrier of freight for damages caused by the freezing of beer transported on defendant's railway in one of its cars from Blue Hill to Hildreth. The entire shipment was half a car, but the beer was not all destroyed. Plaintiff recovered judgment on a verdict for $129, the full amount of his claim and interest, and defendant appeals.

In the petition plaintiff's complaint of defendant as a carrier for failing to perform its duty is alleged in the following language: "Said defendant did not safely convey and deliver said beer as it had undertaken to do, but, on the contrary, conducted itself so carelessly by its servants, agents and employees, in and about carrying and transporting the same, by delays and neglect to give proper attention thereto, that at some point at Blue Hill, or between Blue Hill or Hildreth, or at Hildreth, on the line of defendant's railway, and while the said beer was in the possession of defendant, thirteen half-barrels, eleven quarter-barrels, and ten cases of said beer were frozen and entirely spoiled and rendered worthless."

The nature of the defenses pleaded by defendant is shown by the following allegations of the answer: "(1) Said goods were part of a car-load shipment received at Blue Hill, Nebraska, by Onno Goos, who there received and unloaded the remainder of said shipment and took charge of the same, put a stove in the car containing said goods, and retained the immediate care thereof for himself

and for the plaintiff to the exclusion of this defendant; and, if said goods were injured or spoiled, such injury was caused by the said acts of the plaintiff and the plaintiff's failure to properly care for the same after he had assumed control thereof. (2) Defendant further alleges that after said goods were received for shipment, and while in transit, there occurred a very severe, unusual and extraordinary snow storm, on account of which it was impossible for the defendant to move its cars and make said shipment as promptly as it ordinarily would, and said goods were conveyed to Hildreth in the shortest possible time, and the defendant in transporting the same used reasonable and ordinary care under all the circumstances, and whatever damage the plaintiff sustained on account of injury to said goods by freezing was on account of said storm and the extreme cold weather."

Defendant complains of the court's instructions and of the sufficiency of plaintiff's evidence on the issues raised by the defenses quoted. The second defense contains language amounting to an admission that the beer was frozen after defendant received it for shipment. By instructions favorable to defendant and containing no prejudicial error, both defenses pleaded in the answer were submitted to the jury on evidence sufficient to sustain the verdict in favor of plaintiff. It follows that in the respects stated error does not affirmatively appear.

Complaint is also made that plaintiff was not the real party in interest. This question grows out of the following circumstances: Plaintiff, Eimo Goos, was the consignee and a saloon-keeper at Hildreth. His brother, Onno Goos, was the consignor and a saloon-keeper, and also a wholesale liquor dealer at Blue Hill. Plaintiff testified each had a half interest in the business of both saloons. After the closing of the testimony, defendant asked leave to amend its answer to conform to the proof by alleging that plaintiff was not the real party in interest. In the amendment it was stated that plaintiff and Onno Goos were the real parties plaintiff. In this con-

nection defendant asked, and the court refused, the following instruction: "At the conclusion of the introduction of testimony, defendant asks leave to amend its answer to conform, as claimed, to the proof, alleging that the plaintiff in this action is not the real party in interest, which said leave is granted. You are. therefore instructed, gentlemen of the jury, that in order for the plaintiff to recover he must show that he is the real and only party in interest to this suit, and if he has failed to do so your verdict should be for the defendant." If the court erred in refusing to give this instruction—a question not decided—the error was without prejudice to defendant. On both defenses pleaded in the original answer the jury found for plaintiff. He was the consignee, and the carrier delivered the beer to him as such. This court has held "that the consignee may sue and recover merely on proof that he is the consignee." *Union P. R. Co. v. Metcalf & Wood,* 50 Neb. 452. In the present case such proof was adduced and not disputed. In the amendment to the answer it was alleged that plaintiff, the consignee, was one of the real parties in interest as plaintiff, and that the other was Onno Goos, the consignor. The latter on his direct examination testified positively without objection that he had no interest or ownership in the beer after it was billed to plaintiff. On the record as presented it is therefore clear that defendant was not prejudiced by the court's refusal to give the requested instruction, regardless of the question as to its correctness.

AFFIRMED.