JOHN M. DINEEN, APPELLANT, V. WILLIAM H. LANNING, APPELLEE.

FILED NOVEMBER 27, 1912.    No. 16,855.

1. **Deeds: DEED TO PARTNERSHIP: EFFECT.** A deed to a partnership in its firm name is not void, but vests an equitable estate in the firm for the benefit, first, of the partnership business and creditors, and, second, of the members of such partnership.

2. **Abatement: DEATH OF PARTNER.** And where a mortgage antedating such deed is foreclosed, and in the suit for foreclosure the partnership and all of the members thereof are made parties, and summons is served upon such members, and after such service one of the members dies, the suit does not thereby abate, but may be prosecuted to final decree against the other members as surviving partners.

3. ———: ———: **DISMISSAL AS TO DECEASED PARTNER.** Nor does the fact that at the time of entering the decree plaintiff requests and obtains an entry of dismissal as to such deceased member operate as an abatement of the suit.

4. **Partnership: FORECLOSURE OF MORTGAGE: SERVICE OF SUMMONS.** Nor would the fact that the partnership, as a separate entity, had not been served with summons affect the validity of the decree in such suit as to the equitable interest of the members of the partnership who were served. Such members would be bound by the decree, and a sale of the real estate thereunder, duly confirmed, would divest them of such interest, and the same would pass by the sheriff's deed to the purchaser at such sale.

APPEAL from the district court for Box Butte county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*M. S. McDuffee,* for appellant.

*Albert W. Crites, contra.*

38

FAWCETT, J.

From a judgment of the district court for Box Butte county, dismissing plaintiff's suit for a partition of the northeast quarter of section 30, township 26, range 47 west of the sixth P. M., in said county, plaintiff appeals.

On February 1, 1888, one William H. Wareham, who was the then owner of the land in controversy, his wife joining him, executed and delivered to defendant Lanning a mortgage upon the land. Thereafter, by mesne conveyances, the title reached one Harvey Myers, who on February 27, 1892, by warranty deed, conveyed the land to Job Hathaway & Company, subject to defendant's mortgage. The company failing to pay the taxes, the county treasurer sold the same for delinquent taxes to one Virgil Young. On October 4, 1902, Young commenced suit to foreclose his tax lien, in which suit "Job Hathaway & Company, a firm composed of Job Hathaway and Emma C. J. Austin," and Job Hathaway, Emma C. J. Austin, and the present defendant, William H. Lanning, with others, were made defendants. Defendant Lanning filed an answer and cross-petition in that suit for a foreclosure of his mortgage. The files of the district court in that case were introduced in evidence in this. They show that due service was had upon Job Hathaway and Emma C. J. Austin, but the return of the officer does not show any attempt at a formal service upon Job Hathaway & Company as a separate entity. The uncontradicted evidence shows that the copartnership of Job Hathaway & Company consisted of Job Hathaway and Emma C. J. Austin, as equal partners. The decree entered in that case contained the following recital: "Be it remembered, that on this 18th day of February, 1903, this cause came on to be heard before the court, the plaintiff appearing by Wm. Mitchell, his attorney, the defendant, W. H. Lanning, appearing by W. G. Simonson, his attorney, the plaintiff asks to dismiss this case against Job Hathaway and Annie L. Hathaway, wife of Job Hathaway, a member of defendant firm Job

Hathaway & Company, and wife of Job Hathaway, defendant, defendants, and same is hereby dismissed." Thereupon a default was entered against all of the other defendants named in plaintiff's petition, except defendant Lanning. The decree found the proceedings in the case to be regular; found the lien of plaintiff under his tax sale certificate to be a first lien, and the mortgage of defendant Lanning to be a second lien; decreed a foreclosure of the same, and awarded an order of sale therefor. The sale was duly advertised and made. Defendant Lanning was the purchaser at the sale, and upon due confirmation of the sale received the sheriff's deed for the land. At the time of entering the decree above referred to, Job Hathaway was dead; his death having occurred during the interval between the service of summons and the date of the entry of the decree.

The main contentions by plaintiff for a reversal are: A copartnership, as such, cannot take title to real property; that the copartnership, as such, was not served with summons in the foreclosure suit; that the conveyance from Myers to Job Hathaway & Company was a conveyance to Job Hathaway, individually, clothed with a trust in favor of the copartnership; that upon the dissolution of the copartnership Job Hathaway became the owner of one moiety and trustee for the other moiety; that in land purchased by partners with partnership funds partners are tenants in common, unless real estate is needed for partnership purposes; that real estate belonging to a partnership, but standing in the name of one partner only, may be partitioned; that the heirs of Job Hathaway could have partitioned unless there is a good defense appearing affirmatively, and so can the appellant who has succeeded to all rights of the heirs of Job Hathaway; that the copartnership was dissolved in 1892, and that by the recital in the decree in the foreclosure suit, above set out, the action was dismissed as to Job Hathaway, and that when he died in October, 1902, after service had been had upon him, the action abated, and, never having been revived, his

heirs, after his decease, were necessary parties to that action. We will not attempt to discuss the above points *seriatim*, but will consider them together.

We do not think the deed to the copartnership was a conveyance to Job Hathaway, individually. Conceding that the deed to Job Hathaway & Company was ineffective to lodge the legal title to the land in the copartnership (*Barber v. Crowell*, 55 Neb. 571), it did vest an equitable estate in the firm (30 Cyc. 431, 432, and authorities cited in notes 42, 43).

The death of Job Hathaway, after service upon him and prior to the decree, did not abate the suit. *Union P. R. Co. v. Metcalf*, 50 Neb. 452, was an action by Metcalf & Wood, a firm composed of Metcalf and Wood. On page 457 of the opinion it is said: "Finally, it was pleaded that if there was any such firm as Metcalf & Wood it had, since the commencement of the action, been dissolved by the death of Lafayette Metcalf, and that by reason thereof the action had abated." On page 458 it is said: "We have quite recently held, following well-established principles, that on the death of a partner the assets and choses in action of the partnership vest in the survivor. *Lindner v. Adams County Bank*, 49 Neb. 735. It is, therefore, the surviving partner who has in such case a right to proceed with the action." In the syllabus we held: "That the surviving partner was already a party to the action, and that on the death of the other partner the action could properly be continued in the name of the survivor alone." The principle is the same, whether the partners are plaintiffs or defendants.

The fact that plaintiff, in the tax foreclosure suit, on the date the decree was entered, saw fit to dismiss his suit as to Job Hathaway, who was then dead, did not deprive the court of jurisdiction to determine all of the questions involved in that suit, for the reason that if Job Hathaway were then dead, as the pleadings in this case show, then Emma C. J. Austin, as the sole surviving partner of Job Hathaway & Company, was vested with

the equitable interest as fully and completely as she and her copartner were prior to his decease. Hence, the status of the *res* had not been changed, and the court could proceed to determine all of the issues precisely as if the formal dismissal of Job Hathaway by plaintiff had not been made. His dismissal, therefore, did not affect the rights of either the plaintiff or cross-petitioner Lanning. In addition to this, we are inclined to think (although as the question has not been argued, we do not so decide) that the dismissal of the suit as to Job Hathaway, by plaintiff, operated only as a dismissal of the suit so far as plaintiff was demanding any relief against him, but did not operate as a dismissal of Job Hathaway as to the relief demanded in the cross-petition of defendant Lanning. Such a dismissal could only be made upon Lanning's motion.

Even if the failure to serve the copartnership by leaving a summons at its usual place of business, with a member thereof, rendered the decree void as to the copartnership as a separate entity, it did not affect the validity of the decree as against the equitable interest of the members of the copartnership who were served. The interest of the copartnership in the land being an equitable interest, held by the firm, first, for the benefit of its creditors, and, second, for the members of the firm, the decree bound the latter, and the sale of the property under such decree foreclosed their individual interests; and the fact, if it be a fact, that the creditors of the copartnership might assail the decree, is immaterial so far as plaintiff here is concerned, for the reason that he, as the grantee of the heirs of Job Hathaway, is bound by such decree. He bases his action upon rights which he alleges he obtained from the heirs of Job Hathaway. The interest of their ancestor having been foreclosed by the decree, they had no interest which they could convey to plaintiff.

Plaintiff's suit is, therefore, without equity, and was properly dismissed.

AFFIRMED.