LOUIS LOEB, ASSIGNEE, APPELLANT, v. ESTATE OF THOMAS HUSTON, APPELLEE.

FILED MAY 1, 1915. No. 18113.

1. Partnership: JUDGMENT: ASSIGNMENT BY SURVIVING PARTNER. On the dissolution of a partnership by the death of one of its members, the control of the assets vests in the surviving partner. He has power to assign a judgment belonging to the partnership, and the fact that the assignment is not executed in the name of the partnership, but only in the name of the individual partner, is not material.

2. Executors and Administrators: PAYMENT OF CLAIM: SUFFICIENCY OF EVIDENCE. Evidence set forth in the opinion held sufficient to sustain the defense of payment.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. Affirmed.

J. E. Willits, for appellant.

*Snider & Bruckman, contra.* .

LETTON, J.

A claim was filed by Louis Loeb, assignee, in the county court of Adams county against the estate of Thomas Huston, deceased. The claim consisted of a judgment rendered against the deceased on October 10, 1888, for $229.57, including costs and interest, upon a note given by one Alexander Rutherford to Huston, and afterwards indorsed in blank by Huston. Rutherford was not made a party, and the judgment was against Huston as indorser. The action was brought by "Abraham Loeb and Emil Lindner, administrator of the estate of Samuel Hirsch, deceased, doing business under the firm name of Loeb & Hirsch." The assignment is as follows: "In the County Court of Adams County, Nebraska. Abraham Loeb and Emil Lindner, Adm'r of the Estate of Samuel Hirsch, deceased, Plaintiffs, v. Thomas Huston, Defendant. Assignment of Judgment. For a valuable consideration I hereby assign the judgment rendered in the above entitled case in the county court of Adams County, Neb., on the 10th day of Oct., 1888, the amount of said judgment being $229.57, and the costs being $4.25, and which said judgment is recorded in county court docket 3, at page 205, to Louis Loeb. Witness my hand this 26th day of March, 1900. Loeb & Lindner, by A. Loeb."

The claim was allowed in the county court, but an appeal was taken to the district court, where issues were properly framed. The petition alleged that Abraham Loeb is the surviving partner of Loeb & Hirsch, a copartnership, and that the judgment vested in him as such surviving partner, with power to dispose of the same; that Lindner was a nominal party only, and has since made his final report; that Abraham Loeb is the real party in interest; and pleads the assignment and the nonpayment of the judgment. The defendant denied the assignment of the judgment; pleaded that the judgment was dormant, that it is barred by the statute of limitations, and that it was fully paid. The case was tried to the court without the

intervention of a jury. The court found that the execution of the assignment was not sufficient to vest the title in Louis Loeb, and also found generally for the defendant and against the plaintiff. Judgment·was rendered dismissing the case.

Plaintiff proved the judgment and the execution of the assignment by Abraham Loeb. For the defense it was shown that a claim was.filed by Abraham Loeb against the estate of Alexander Rutherford for $275 upon the same note as that upon which the judgment is based; the note being for $200 with 10 per cent. interest from May 27, 1887. The judgment was rendered October 10, 1888. On the 12th day of October, 1889, Rutherford for a consideration of $275 executed a chattel mortgage on certain property, the name of the mortgagee being written as follows: "Loeb & Hirsch"—a line drawn through these words, and "Abraham Loeb" written directly thereafter. Rutherford on July 10, 1888, also executed another chattel mortgage to Loeb to secure $110 due the 1st day of November, 1889. There was also found among the papers of this estate a receipt dated August 19, 1890, as follows: "Received of F. J. Taylor, Adm'r of Rutherford Estate, the sum of $396.45 in notes as payment of mortgage debt. (Signed) A. Loeb." The final report of the executor shows that he was credited with this sum paid to "A. Loeb on chattel mortgage." This receipt is dated August 19, 1890, which is the day before the claim was filed, but it was not filed until August 29.

As to the question whether the assignment was sufficient to pass title to the assignee: The original judgment was in favor of Abraham Loeb and Emil Lindner, doing business under the firm name of Loeb & Hirsch. Loeb was the surviving partner of this firm, and he had the right to assign and dispose of the judgment. *Lindner v. Adams County Bank*, 49 Neb. 735. The mere fact that he also signed the name of Lindner to the assignment did not interfere with this right. Even if Lindner, as administrator, had not been entitled to do business in the name of Loeb & Hirsch, a third party cannot now complain.

Loeb v. Estate of Huston.

We believe, however, that the evidence fails to show that this note has not been paid. The $275 claim filed against the estate of Rutherford was based upon this note. Rutherford had previously given a chattel mortgage for $275 without interest. Another chattel mortgage had been given by him to secure a note for $110. Chattel mortgages to the amount of $396.45 in favor of Abraham Loeb were paid by the administrator. The receipt, though dated before the filing of the claim, was filed afterward. Apparently the claim was dropped and the debt paid by paying the mortgages, which were not required to be filed or allowed as claims against the estate in order to warrant payment by the administrator.

No explanation of these transactions has been given by the plaintiff, though it was stated at the argument that Mr. Abraham Loeb is within reach, so that his deposition might have been taken. The amount of the first chattel mortgage does not correspond exactly with the amount due upon the note from Rutherford, but it nearly does so if interest to maturity was included, and since the note bears no interest this is probably what was done. It is worthy of remark that the claim filed by Loeb based upon the note is also for $275, and that this too exceeds the amount due at that time. When Huston died in 1911, the inventory of his estate showed that he was possessed of four lots in Hastings, a number of domestic animals in excess of his exemptions, over $1,500 in money, notes secured by real estate mortgages of record, and other tangible assets. Evidently the later executions against him had been issued and returned in a perfunctory manner in order to keep the judgment alive. No serious attempt seems to have been made to collect from Huston for many years.

Considering all the facts, we are convinced that the circumstantial evidence sustains the general finding of the district court. Its judgment is, therefore,

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.